## SMITH v. GARDNER.

No. 2554. Opinion Filed April 4, 1913.

(131 Pac. 538.)

PLEADING—Petition—Sufficiency. Where a petition contains an allegation of facts which show that the plaintiff has been wronged, shows of what such wrong consists, and the damage plaintiff has sustained thereby, and shows that defendant perpetrated such wrongs and is liable therefor, and asks judgment for the amount of damage sustained by reason thereof, such petition states a cause of action.

(Syllabus by Harrison, C.)

*Error from District Court, Oklahoma County;*
*George W. Clark, Judge.*

Action by L. P. Smith against George E. Gardner. From a judgment sustaining demurrer to plaintiff's petition, he brings error. Reversed and remanded.

*Wiley Jones,* for plaintiff in error.

Opinion by HARRISON, C. In the early part of .1910 L. P. Smith brought this action against George E. Gardner, alleging, in substance: That on the 1st of October, 1909, the defendant, George E. Gardner, then doing a general mercantile business in what is known as the Lion Store in Oklahoma City, traded to E. P. Lea a certain line of goods, wares, merchandise, and fixtures, to be selected from his general stock, invoicing at $2,295.24, but that because Gardner refused to allow Lea to be present when such goods were selected from the general

stock, and because Gardner selected same himself in Lea's absence, and refused to allow Lea to open the boxes and examine and inspect the goods, Lea declined to accept them, and left them in Gardner's possession. The controversy between Lea and Gardner continued until November 17, 1909, when upon condition that the plaintiff herein would take such goods, Lea and Gardner agreed to settle their controversy. That on said date plaintiff. through his agent, agreed to take such goods, provided they were as represented, and provided Gardner would take out a certain line of goods invoicing $240, and substitute other goods to a like amount. That Gardner agreed to do this, and did pretend to do so, but that instead of substituting goods to the amount of $240, according to invoice, he substituted only $174.68 worth, leaving a shortage of $65.32, for which plaintiff asked judgment. Further, that defendant agreed with plaintiff to substitute goods in first-class marketable condition, whereas, in fact, the substituted goods were shoddy, old, out of date, out of style, shopworn, dirty, stained, faded, rusty, tarnished, broken, rat eaten, remnants, unsalable, and not worth more than 25 per cent of their invoice value, or $43.67, instead of $174.68. That plaintiff was thereby damaged in the sum of $121.01, for which he asked judgment. Also, that in said trade plaintiff bought and paid for certain fixtures invoiced at $451, which defendant failed and refused to ship to plaintiff, but held same out at the time the other goods were shipped. That plaintiff had never received such fixtures, wherefore he was damaged in the sum of $451, and asked judgment for same.

Plaintiff further alleged: That defendant also refused to allow him to open the boxes and examine and. inspect the goods on the ground that it would take too much time to open them up and examine them, but that he would guarantee them to be in first-class shape and all right, and that he had so guaranteed them. Whereupon plaintiff accepted such goods and paid for same relying upon defendant's representations and guaranty that the goods were in first-class condition, and upon his com-

plying with the agreement. That said stock of goods less the fixtures invoiced at $451, and less the substituted goods, invoiced as aforesaid, amounted according to invoices to $1,604.24. That such goods instead of being first-class salable goods as represented and guaranteed by defendant were shoddy, old, out of style, out of date, shopworn, dirty, faded, colored, stained, mashed, bent, rat eaten, moth eaten, scraps, remnants, not in pairs, not matched, odd and large numbers, unmarketable and wholly unsalable, and not worth over 25 per cent. of their invoice value, or $401.06, instead of $1,604.24, according to invoice. Wherefore plaintiff claimed to have been damaged in the sum of $1,203.18, for which he asked judgment. Wherefore, plaintiff alleged his damage to be, and asked judgment for, a sum aggregating $1,850.57.

Defendant demurred to this petition on the ground that it failed to state a cause of action, and the court sustained the demurrer. Whereupon plaintiff, refusing to plead further, brings the case here, alleging error on the part of the court in sustaining the demurrer. We think this contention should be sustained. Section 5627, Comp. Laws 1909, reads:

"The petition must contain: 1st. The name of the court, and the county in which the action is brought, and the names of the parties, plaintiff and defendant, followed by the word 'petition.' 2nd. A statement of the facts constituting the cause of action, in ordinary and concise language, and without repetition. 3rd. A demand of the relief to which the party supposes himself entitled. If the recovery of money be demanded, the amount thereof shall be stated; and, if interest thereon be claimed, the time from which interest is to be computed shall also be stated. (St. Okla. 1893, sec. 3965.)"

We think the petition states a cause of action under the statute and under the rules of code pleading. Where a petition states facts which show that the plaintiff has been wronged, show of what such wrongs consist, and the amount of damage plaintiff has sustained thereby, and further show that defendant perpetrated such wrongs and is liable to plaintiff therefor, and prays judgment for the amount of damage sustained by

reason of such wrongs, it states a cause of action. The plaintiff herein has brought himself clearly within this rule of pleading. He has shown an agreement between himself and defendant, whereby he would pay a certain price for certain goods of a certain class. That defendant refused to allow him to inspect such goods for himself but for some reason persistently kept them concealed from inspection, both from plaintiff and from Lea, but that he warranted such goods to be of the class agreed upon; that such goods were not of the class they were represented to be, but were comparatively worthless. The petition shows what they were invoiced at, and what they were worth, and shows the difference between their real worth and the invoice price, and alleges that plaintiff was damaged in the sum of the difference, and also shows that the fixtures invoiced at $451 were held out by defendant and never delivered to plaintiff, and that he was damaged in that amount; and while the petition may be defective, in that it might be made more definite and certain as to just what extent plaintiff believed and relied upon the representations of defendant as to the class of goods and of his guaranty that they were first class, yet, taken as a whole, it is sufficiently definite and certain as to enable the court to readily see what the damages were, who caused them and who sustained them, and that such damages resulted from defendant's failure to do what he promised to do, and from his misrepresentations as to the class of the goods. The petition, if true, is sufficient upon which to base a judgment against defendant for the amount therein claimed.

Hence, the judgment sustaining the demurrer should be reversed, and the cause remanded.

By the Court: It is so ordered.