## PLANTE v. ROBERTSON.

No. 8493—Opinion Filed Oct. 29, 1918.

(175 Pac. 840.)

(Syllabus.)

1. **Trial — Issues — Statute — Judgment by Court.**

Where, in a suit to cancel a deed and quiet title to real estate, the defendant, by cross-petition, claimed title to the property and asked for a recovery of same, held, that when it became apparent, from the undisputed evidence, that the deed, under which the defendant claimed title and the right to recover possession, was void, said deed raised no issue of fact in favor of the defendant's right to recover said property, to submit to the jury, and the court, under these conditions, did not err in discharging the jury and rendering judgment canceling said deed.

2. **Appeal and Error—Judgment—Evidence —Review.**

Where a petition states a cause of action, and is supported by the undisputed evidence, on appeal, a judgment in such case will not be disturbed, even though it be made to appear that in rendering the judgment the trial judge may have taken into account some immaterial issue.

Error from District Court, Caddo County; Thomas A. Edwards, Assigned Judge.

Action by Guy C. Robertson, trustee in bankruptcy of Lewis Plante, bankrupt, against Cecelia Plante, with cross-petition by defendant. Judgment for plaintiff, and defendant brings error. Affirmed.

A. J. Morris, for plaintiff in error.

Louie E. McKnight and Keaton, Wells & Johnston, for defendant in error.

BRETT, J. The facts in this case, briefly stated, are that Lewis Plante, the husband of Cecelia Plante, plaintiff in error herein, had for several years prior to August 7, 1914, been engaged in the mercantile business at Cement, Okla., and had become insolvent. His creditors were pressing him for settlement, and one firm to whom he owed a large sum had requested that he give them a mortgage on his business house and lot to secure his indebtedness to them. He agreed to do this, but his wife, the plaintiff in error, refused to sign the mortgage, and in turn induced her husband to give her a deed to the property, as she said, "to save something out of the wreck." This the husband did on August 8, 1914, and a few days thereafter filed suit against his wife for divorce. Mrs. Plante, his wife, filed an answer and cross-petition, asking for divorce,

and also for judgment against her husband for wages alleged to be due her for services rendered as a clerk in his store. Lewis Plante dismissed his petition for divorce, and on October 1, 1914, the cause was heard on the cross-petition of Mrs. Plante, and resulted in a decree of divorce and judgment against her husband for $5,400 for clerk hire. On October 8, 1914, a petition in bankruptcy was filed against Lewis Plante, alleging that within four months of the filing of said petition he had transferred said business property to his wife, with intent to hinder, delay, and defraud his creditors. Plante was duly adjudged a bankrupt, and Mrs. Plante then filed for an allowance in the bankruptcy court her judgment for $5 400, which she had obtained in the district court for clerk hire, crediting thereon $1,680, the estimated value of the business property her husband had deeded to her on August 8, 1914. Her claim was disallowed, and Guy C. Robertson, trustee in bankruptcy, went into possession of the property and brought this action to set aside the deed given by Plante to his wife.

Mrs. Plante filed an answer and cross-petition, in which she claimed title to the property by virtue of this deed, and alleged that the property was then, and had for some time past been, unlawfully detained by the trustee in bankruptcy, and asked for possession of the property, and her judgment for the rents during the time the trustee had occupied it. A jury was impaneled to try the case, but at the conclusion of the evidence the trial judge dismissed the jury and rendered judgment canceling the deed from Lewis Plante to his wife, and enjoined Mrs. Plante from claiming any right, title, or interest in and to the said property adverse to the title of the trustee in bankruptcy, and from this judgment he plaintiff is error. Mrs. Plante, has appealed.

1. She insists, first, that it was error for the trial court to dismiss the jury and render judgment, basing this contention on the fact that her cross-petition raised the question of the possession of real property, and that under section 4993, Rev. Laws 1910, she was entitled to have this question passed upon by a jury. The statute is that:

"Issues of fact arising in actions for the recovery of money, or of specific real or personal property, shall be tried by a jury, unless a jury trial is waived."

But what issue of fact was there in the instant case to be tried by a jury? The plaintiff in error, Mrs. Plante, in her cross-petition claimed possession of the property

under a void deed—one made to her in contemplation of bankruptcy, and within four months of the date upon which the grantor was declared a bankrupt. The defendant in error, the trustee in bankruptcy, was in possession of the property, and filed his petition to cancel this void deed; and when the evidence was all in, and the case was closed, there was but one thing, under the facts as above stated, that the court could do, and that was to declare the deed of the plaintiff in error a nullity and cancel the same. There was, therefore, no issue of fact to submit to the jury. Suppose the plaintiff in error, in her cross-petition, had claimed possession of the property by reason of a certain deed, and then on the trial of the case had never produced the deed pleaded in evidence; would there have been any issue of fact to submit to the jury? And does the fact that she produced in evidence a deed that was void as against the one in possession put her in any better position than she would have been, if she had produced no deed at all? It was in fact, no deed, but was a nullity, and conferred no rights upon her as against the creditors of the bankrupt, and therefore raised no issue in her favor as to possession; and the court would have been trifling with the jury, if he had submitted to them the question as to whether or not the plaintiff in error was entitled to recover possession of the property under this deed that was void as against the one in possession. This same section of the statute provides that "issues of law must be tried to the court, unless referred," and the court had a right to say, as a matter of law, that the deed of plaintiff in error was void; and, after so saying, it would have been absurd to ask the jury, as a matter of fact, if she was entitled to possession of the property under this void deed.

But plaintiff in error also claims the court erred in rendering judgment canceling her deed. In her cross-petition in the divorce proceeding, which was subsequent to the time her husband executed the deed in question to her, in enumerating the property owned by her husband, she alleged among other things that:

"He is now the owner of a stock of merchandise at Cement of the vaue of $12,000, a store building, which is in the name of this defendant, of the value of $2,000," etc.

And the journal entry in that case recites:

"That the court, after hearing the evidence and being duly advised in the premises, finds that the allegations of the defendants' cross-petition are true," etc.

And the trustee in bankruptcy, in the instant case, by reply, pleaded that her alle-

gation in the divorce proceeding that the property belonged to Lewis Plante, coupled with the finding of the trial court that said allegation was true, estopped her to claim the property in the instant case. And she insists that the court in the instant case based his judgment on this plea of estoppel, and that this was error, for the reason that it is a judgment that concludes the parties, and not the findings of fact by the court.

There. might be some merit in this contention, if the record bore out the statement that this was the sole ground upon which the judgment in the instant case rests. But the petition in the instant case asks for a cancellation of the deed on two grounds: First, because Cecelia Plante, the plaintiff in error, obtained the deed in question for the purpose of enabling her to obtain a greater percentage of her alleged claim against Lewis Plante than other creditors of the same class. and that said transfer of said real estate was made within four months before the petition was filed for the adjudication of said Lewis Plante as a bankrupt. The second ground is that said transfer was made with the intent to delay, hinder, and defraud the creditors of the said Lewis Plante. and was made within four months of the filing of the petition in bankruptcy against him. And the journal entry in the instant case makes a general finding, which is supported by the evidence, "that the allegations of the plaintiff's petition are true." And there is nothing in the record to sustain the contention of plaintiff in error that the court based the judgment in the instant case on the plea of estoppel raised by the reply of the trustee. But, granting that the court did take this into consideration in making up his mind, and rendering the judgment, and assuming, without deciding, that this was error, still there were abundant grounds stated in the petition, and which were abundantly supported by the undisputed evidence, aside from this plea of estoppel, to justify the judgment rendered. And when it is clear that a court has reached the right conclusion, the judgment, on appeal, will not be set aside simply because the court may have taken into consideration some immaterial matter in rendering therefore affirmed.

We are of the opinion that no prejudicial error was committed. and the judgment is therefore affirmed.

All the Justices concur.