## SCHANBACHER v. PAYNE et al.

No. 9739—Opinion Filed June 22, 1920.

Rehearing Denied July 24, 1920.

(Syllabus by the Court.)

**1. Pleading — Petition — Sufficiency on Demurrer.**

Where the petition of the plaintiff contains allegations sufficient to entitle the plaintiff to relief either at law or in equity, it is good as against a general demurrer.

**2. Same—Action by Purchaser of Realty for Breach of Warranty.**

Record examined, and held, that the trial court erred in sustaining a demurrer to the plaintiff's amended petition. The judgment is reversed and the cause remanded, with directions.

Error from District Court, Rogers County; W. J. Campbell, Judge.

Action by Clayton A. Schanbacher against Johnathan R. Payne and wife for breach of warranty in sale of land. Judgment for defendants, and plaintiff brings error. Reversed and remanded, with directions.

C. B. Holtzendorf and P. W. Holtzendorf, for plaintiff in error.

Jno. Q. Adams, Richard H. Wills, and A. W. Kelley, for defendants in error.

JOHNSON, J. This is an appeal from the district court of Rogers county; Hon. W. J. Campbell, Judge.

The plaintiff in error, as plaintiff below, on December 13, 1916, commenced an action in said court against the defendants in error, as defendants below, and upon a demurrer being sustained to the petition the plaintiff was granted time to file an amended petition, which was filed on July 5, 1917. Thereafter a general demurrer was sustained to the amended petition, and the plaintiff elected to stand upon the amended petition, and thereupon the action was dismissed by the court at the cost of plaintiff, and error is prosecuted to this court.

The plaintiff's amended petition is quite lengthy, but a synopsis of the facts alleged is: That one Johnathan R. Payne, or J. R. Payne, was the legal guardian of his minor daughter, Mary E. He was regularly appointed, took the oath, gave bond and qualified. As such guardian, he obtained authority of the court having jurisdiction of the guardianship to exchange 30 acres of land with a house and orchard and other improvements thereon, belonging to him, for 80 acres of unimproved land belonging to his ward. The exchange was made upon written application of the father and mother and duly verified petition of the guardian and with a full disclosure of the facts, and was by said court duly authorized and approved. The title to the 30 acres was duly conveyed by the guardian and his wife to the ward by a warranty deed, and the guardian executed his deed as such guardian to his wife, and the mother of the ward, for her 80 acres. The guardian and his wife afterwards mortgaged the 80 acres for $1,275, and thereafter conveyed it by warranty deed to plaintiff in error for $2,400. Plaintiff in error paid off the mortgage indebtedness and paid J. R. Payne and his wife the balance of the purchase money and took possession of the land. The ward, upon attaining her majority, brought suit against the plaintiff in error to set aside the guardian's sale and to recover possession of the 80 acres of land. While this suit was pending she executed to her father and former guardian a quitclaim deed to the 30 acres which she had received in exchange for her 80 acres. She was successful in her suit to vacate the guardian's sale of the 80 acres on the ground that it had been exchanged for other real estate, viz., the 30 acres. This was done without requiring her to account for any part of the original purchase price, for the reason that she had restored it to her former guardian by conveying to him the title to the 30 acres which he had received in exchange for her 80 acres. The sole, entire, and only consideration received by the guardian for the sale of the 80 acres belonging to the ward was the conveyance of the 30 acres to the ward. This consideration was returned and restored to the guardian upon the ward's attaining her majority and electing to disaffirm the guardian's sale, or exchange, by the execution, delivery, and recording of a quitclaim deed from the ward to J. R. Payne, her

father and former guardian, and at the time of the commencement of this action the record title still stood in the name of J. R. Payne to the 30 acres of land which is involved in this action.

Copies of the guardianship proceedings, including the guardian's deed, the deed of the minor to the 30 acres, and the deed from the defendants to the plaintiff of the 80 acres, and the deed from the defendants to the ward to the 80-acre tract, and the journal entry of the district court awarding the 80-acre tract to the ward, were made exhibits to the amended petition of the plaintiff, marked from "A" to "I," inclusive.

The plaintiff's assignments of error are: (1) That the judgment is contrary to law; (2) that the court erred in sustaining the demurrer to the amended petition of the plaintiff, and in rendering judgment in favor of the defendants and against the plaintiff; (3) erred in not overruling and denying the demurrer.

The allegations in the plaintiff's petition disclose that the defendant John R. Payne occupied the position of guardian of his ward as well as that of purchaser of the real estate of his ward, to wit, the 80-acre tract, and that the consideration attempted to be passed to his ward therefor was a conveyance by him, joined by his wife, to his ward, conveying the 30 acre tract involved herein, which was the sole consideration for such purchase or exchange. Thereafter the defendants, John R. Payne and Etta Payne, conveyed the 80-acre tract received from his ward to the plaintiff for a cash consideration paid by the plaintiff amounting to $2,400. Thereafter, on attaining her majority, the ward, Mary E. Payne, disaffirmed the transaction of exchange of properties by executing a quitclaim deed to the 30-acre tract to her father and former guardian, and brought suit in the district court of Rogers county to cancel and set aside the probate proceedings of the county court leading up to the exchange of properties between herself and her father and former guardian, and to cancel the conveyance made to her mother, Etta B. Payne, and to recover the 80 acres, and to quiet title to the same, and against the plaintiff for the cancellation of his deed to the land and to recover from him the rents and profits. Judgment was rendered in her favor granting such relief, including a judgment against plaintiff for rents and profits in the sum of $380, with interest thereon at the rate of 6 per cent. per annum.

From an examination of the record it is obvious that the trial court erred in sustaining the demurrer of the defendants to the amended petition of the plaintiff. Rev. Laws 1910, sec. 4735, provides:

"The rules of pleading heretofore existing in civil actions are abolished; and hereafter, the forms of pleadings in civil actions in courts of record, and the rules by which their sufficiency may be determined, are those prescribed by this code."

Section 4737 provides:

"The petition must contain: First. The name of the court and the county in which the action is brought and the names of the parties, plaintiff and defendant, followed by the word, 'petition.' Second. A statement of the facts constituting the cause of action, in ordinary and concise language, and without repetition. Third. A demand of the relief to which the party supposes himself entitled. * * * "

Section 4738 provides:

"The plaintiff may unite several causes of action in the same petition, whether they be such as have heretofore been denominated legal or equitable, or both, where they all arise out of any one of the following classes: First. The same transaction, or transactions, connected with the same subject of action. Second. Contracts, express or implied."

In construing these statutes this court has frequently held that:

"It is not necessary for facts to be stated in such manner as would entitle one to recover under any particular form of action, but sufficient if they show a right to recovery under general principles of law." Hawkins v. Overstreet, 7 Okla. 277, 54 Pac. 472; Watkins v. Yell, 73 Oklahoma, 176 Pac. 390; Cleveland National Bank v. Board of Education, 72 Oklahoma, 179 Pac. 464; Tancred v. Brewer, 75 Okla. 17, 181 Pac. 490.

The facts alleged in the amended petition of the plaintiff show a breach of warranty in the deed of the defendants to the 80-acre tract of land, for which he paid the defendants $2,400 in cash, and that the district court awarded the land to the minor, and rendered a judgment in her favor against the plaintiff herein for $380, with interest thereon at 6 per cent. per annum for rents and profits. So we think it cannot be said that the allegations of the petition failed to state a cause of action. As to whether or not the plaintiff would be entitled to any equitable relief against the defendant, that may, and doubtless will be, determined by the trial court under the evidence of the parties at the trial upon the merits. The court will have jurisdiction of the parties and of the subject-matter, and is clothed with power to administer full justice between the parties accordingly as they may show themselves to be entitled, both at law and in equity. The judgment of the trial court is reversed, and

the cause remanded, with directions to proceed in accordance with the views herein expressed.

HARRISON, V. C. J., and PITCHFORD, McNEILL, and BAILEY, JJ., concur.