## SECURITY NAT. BANK of TULSA v. GECK.

No. 14115—Opinion Filed July 31, 1923.

Rehearing Denied Nov. 13, 1923.

(Syllabus.)

**1. Damages—Statutory Provisions.**

Under section 5959, Comp. Stat. 1921, any person who suffers detriment from the unlawful act or omission of another may recover from the person in fault a compensation therefor in money, which is called damages.

Under section 5970, Id., detriment is a loss or harm suffered in person or property.

Under section 5977, Id., the detriment caused by the breach of an obligation to pay money only is deemed to be the amount due by the terms of the obligation, with interest thereon.

### 2. Same—Sufficiency of Petition.

Where plaintiff states in his petition that he has been damaged by the breach "of an obligation to pay money," shows what the obligation was, states how he has been damaged, who has damaged him and the extent of detriment sustained, the petition states a cause of action, and the foregoing statutes afford the measure of relief.

### 3. Action—Forms of Action—Abolition — Code Provision.

Under section 178, Comp. Stat. 1921, the distinction between actions at law and suits in equity and the forms of all such actions and suits, heretofore existing, are abolished; and in their place there shall be hereafter but one form of action, which shall be called a civil action—which consists of a statement, in a proper court, in plain, ordinary, and concise language, of the facts showing the injury complained of, the redress to which the litigant is entitled, and concluding with a prayer for relief.

### 4. Pleading—Common-Law Forms Abolished—Statutory Requisites.

Under section 263, Comp. Statt. 1921, the common-law forms and rules of pleading are abolished and the forms of pleadings in civil actions in this state, and the rules by which their sufficiency may be determined, are those prescribed by chapter 3, art. 7, Comp. Stat. 1921. and a substantial compliance therewith is mandatory. Sections 264 and 265, Id., prescribe what pleadings are allowable, what they shall contain, what is necessary to constitute a cause of action, and how the facts constituting such cause of action shall be stated.

### 5. Same—Relief — Equity Powers.

Where plaintiff has complied with such provisions and stated facts showing that he has sustained a detriment, without fault on his part, showing that such detriment has been caused by the wrongful conduct of another, showing with reasonable clearness that in law or equity the party guilty of such wrongful conduct is liable to plaintiff he has stated a cause of action, and it then becomes the duty of the trial court to determine from the allegations and proof what relief the plaintiff may be entitled to receive, and in order that full and complete relief may be given, the courts of this state are endowed with the dual power of a chancellor and a court of law, so that under the facts stated and proven, or conceded to be true upon demurrer, if the law be

adequate, the court will award such relief as the law authorizes, but if the law be inadequate to proper relief, then in its equity powers the court will award such relief as in equity and good conscience the facts show the plaintiff entitled to receive.

### 6. Same—Common-Law Precedents.

Although technical rules and distinctions and forms of action under the common-law pleading have been abolished by statute, it often becomes necessary for courts to look to common-law precedents to ascertain what the courts, governed by the distinctions made in forms of pleading under the common law, have held under the same circumstances. But in such cases it is not for the purpose of maintaining those distinctions of forms, but to find out what the courts, compelled under the common-law system to recognize those distinctions, have held where the facts are identical.

### 7. Action—"Cause of Action."

In its legal significance, under our statutes, a cause of action is a wrong for which a remedy is prescribed by law, or afforded in equity. The delict and the remedy are the primary elements—the essential elements. The wrong per se, if it be a wrong, for which a remedy is afforded constitutes the cause of action; it is the wrong and the right to redress which unite to constitute a cause of action.

### 8. Pleading—Sufficiency Against General Demurrer.

Where a petition contains allegations of facts sufficient to entitle plaintiff to relief either at law or in equity, it is good as against a general demurrer.

Error from District Court. Tulsa County; Valjean Biddison, Judge.

Action by the Security National Bank of Tulsa against Nellie R. Geck for damages. Demurrer to petition sustained, and plaintiff brings error. Reversed and remanded.

West & Petry, for plaintiff in error.

McGuire & Marshall, for defendant in error.

HARRISON, J. This was an action for damages, the amount being evidenced by two promissory notes for $20,000 and $15,000, respectively, and was appealed here from an order sustaining a general demurrer to the petition.

The action was against Nellie R. Geck, the wife of R. C. Geck, a lumber dealer, who with others, immaterial to the issues here presented, jointly and severally executed the notes in question. The action is based upon the alleged ground that the wife, Nellie R. Geck, owned or claimed an

undisclosed interest in the lumber company business, which business was managed by her husband under the trade name of the R. C. Geck Lumber Company; that such business having become indebted, the wife and husband, with fraudulent intent, conspired to and did organize and form a corporation, to which they transferred all the property of the R. C. Geck Lumber Company, and then issued to Nellie R. Geck a majority interest of the shares of such corporation, and also conveyed to her $35,000 worth of real estate, which had formerly belonged to said R. C. Geck Lumber Company with the willful design and for the unlawful purpose of placing said property beyond the reach of creditors and thus defrauding the creditors of said R. C. Geck Lumber Company and this plaintiff, and damaging plaintiff to the amount of his claim, $35,000 and interest.

The trial court sustained a general demurrer to the petition, holding that the allegations were insufficient to constitute a right of action or grounds for any relief.

As to whether a right of action and grounds for a relief are alleged may be ascertained from the facts confessed to be true by demurrer.

While the allegations are not as clear, definite, and concise as they might have been made, and, in our opinion, as they should have been made, yet the following facts are made reasonably apparent from the allegations, and are confessed to be true by demurrer, to wit:

That plaintiff was a banking corporation doing a general banking business in the state; that the R. C. Geck Lumber Company conducted a general retail lumber business in the state; that R. C. Geck was the sole manager and to all outward appearances the sole owner of said lumber business and its property; that he was dealt with by the business world as the sole owner and manager of said lumber company and its affairs; that, as such, and upon the representations that he was such, plaintiff dealt with him, and extended credit to him to the amount of $35,000; that as such manager and owner of the R. C. Geck Lumber Company plaintiff accepted his two promissory notes, for a good and valuable consideration, for $20,000 and $15,000, respectively; that said notes were both executed and delivered to plaintiff on November 25, 1919, and being made payable 90 days after date, were past due and unpaid at the time suit was begun; that Nellie R. Geck, the wife, had full knowledge that the affairs of the lumber company were being managed by and through her husband, R. C. Geck; that she had full knowledge

that he held himself out to the business world as the sole owner of the R. C. Geck Lumber Company and sole manager of its affairs; that if in fact she did own said lumber company business and if in fact such business was conducted upon her individual money, she did not make such fact known to the business world, nor permit such fact to be known by the business world, if such were a fact, but purposely kept such fact concealed and knowingly permitted such business to be managed by R. C. Geck in his name, and knowingly permitted him to, and aided and advised him to, hold out to the world that he was the sole owner of the company and its property, and knowingly and purposely permitted the business world to extend credit to R. C. Geck upon such representations, and purposely kept the fact that she claimed any interest in said business concealed from the business world, in order that if such company should procure credit upon such representations and become indebted to creditors she and her husband could fraudulently organize a corporation, transfer the stock of the R. C. Geck Lumber Company to such corporation, then transfer the stock and property of such corporation to defendant, Nellie R. Geck, for the purpose of defrauding creditors, by fraudulently placing such property beyond their reach, and that when said R. C. Geck Lumber Company did procure credit from this plaintiff to the amount of $35,000, which credit was procured upon the specific written representations that R. C. Geck owned all of the R. C. Geck Lumber Company property, and was the sole owner and manager of its affairs, and that his wife, Nellie R. Geck, owned no interest therein, and when such indebtedness of $35,000 became due, she then knowingly and purposely conspired with her husband and participated with him in the organization of said corporation, which in order to keep their conspiracy concealed was given the same name the previous lumber company had, to wit, R. C. Geck Lumber Company; that she knowingly, willfully, and with fraudulent intent conspired with him and participated with him in the consummation of such conspiracy by transferring the property of said lumber company to said corporation, and by transferring the corporate stock of such corporation to herself, and by transferring $35,000 worth of real estate, which formerly belonged to the R. C. Geck Lumber Company, to herself and by keeping such transactions, transfers, and conveyances concealed, with the unlawful and fraudulent intent to defraud plaintiff of his

debt and other creditors of their debts; that in the consummation of such conspiracy she had fradulently procured and aided R. C. Geck in transferring his property beyond the reach of creditors, thereby defrauding plaintiff out of $35,000 and interest, and thereby damaging plaintiff to the extent of the amount owned to plaintiff by R. C. Geck.

After reciting the facts and actions and conduct and participation of defendant in consummating such conspiracy and fraudulent transfer of property, and reciting that It. C. Geck would have had ample property in his own name to satisfy plaintiff's claim but for said conspiracy and fraudulent transfer, the petition contains the following allegations, to wit:

"Thereby the property of said R. C. Geck was in fact concealed, removed, transferred, and placed beyond the reach of his creditors and this plaintiff so that plaintiff did not discover the substantial facts in relation thereto until about the 1st day of November, 1921. Thereby defendant actually damaged plaintiff in the amount of said indebtedness, in that said property so by defendant concealed, removed, and transferred was ample to satisfy the said indebtedness owing the plaintiff, including the interest thereon and that shall become due up to the time of the full satisfaction of said indebtedness herein. * * *

"That in all of said transactions the defendant was a principal, aiding, supporting, persuading, inciting, inducing, and compelling R. C. Geck to make each and all of said transfers, and that she fully knew all of the terms of the same and both the effect and intent thereof.* * *

"Further, because the said acts were malicious and fraudulent and oppressive of the rights of plaintiff, defendant is liable to plaintiff in exemplary damages in the sum of $25,000 in addition to the actual damages.

"Wherefore, plaintiff prays judgment against defendant, Nellie R. Geck, for the sum of $63,902.15, with 10 per cent. interest thereon until paid from February 10, 1922, as actual damages, and $25,000 as exemplary damages, and for the costs herein, and such further relief as the equity of the case may warrant."

These facts being taken to be true upon the demurrer, and it was the duty of the court to treat them as true, there was no justifiable theory upon which it could have been held that such facts did not constitute a right of action and grounds for relief.

By a casual reference to the statutes, the error of the trial court could have been avoided.

Section 5969 Comp. Stat. 1921, provides:

"Definition of Damages. Any person who suffers detriment from the unlawful act or omission of another may recover from the person in fault a compensation therefor in money, which is called damages."

Section 5970, Id., provides:

"Detriment Defined. Detriment is a loss or harm suffered in person or property."

Section 5977, Id., provides:

"Breach of Obligation to Pay Money. The detriment caused by the breach of an obligation to pay money only is deemed to be the amount due by the terms of the obligation, with interest thereon."

Thus we have damages defined, detriment defined, and the measure of damages defined.

The plaintiff stated a cause of action by alleging that he had been damaged, how he had been damaged, who had damaged him, and the extent of detriment sustained, and that such had been caused by breach of an obligation to pay money. The statutes provide a clear, easy, adequate solution to such problems.

It may be said that but few problems can possibly arise under pleadings in civil actions in this state but which may be readily solved by the statutes. Our statutes purport, at least, to provide a remedy either in law or equity for every detriment one may sustain through the wrongful acts of another.

In Owen v. Purdy et al., decided July 17, 1923, 90 Okla. 256, 217 Pac. 425, the statutes pertinent to the question here are fully set out and analyzed, and by referring thereto it is unnecessary to again quote them here. In the body of the opinion, after commenting on the statutory provisions, it is said:

"It is the plain, persistent, unyielding intent of the Legislature to make the foregoing code provisions mandatory. When a plaintiff has complied with such provisions, and stated facts which show that he has sustained a detriment without fault on his part, and shows that such detriment has been caused by the wrongful conduct of another, states facts which show with reasonable clearness that in law or equity the party guilty of such wrongful conduct is liable to plaintiff for the results thereof, it then becomes the duty of the courts, under the purpose for which they are created, to determine from the allegations and proof what relief the plaintiff may be entitled to, and in order to enable them to fulfill such purpose, the district courts are endowed with the dual power of a chancellor

and a court at law, so that, under the facts stated and proven, if the law be adequate, then the court will award such relief as the law authorizes, but if the law be inadequate to proper relief, then the court, in its powers as a chancellor, will award such relief as in equity and good conscience the allegations and proof show the plaintiff entitled to receive. St. L. & S. F. Ry. Co. v. Yount, 30 Okla. 371, 120 Pac. 627; Smith v. Gardner, 37 Okla. 183, 131 Pac. 538; West v. Madansky, 80 Okla. 161, 194 Pac. 439."

In St. L. & S. F. Ry. Co. v. Yount, supra, the controversy was whether the suit was an action ex contractu or ex delicto. After quoting and analyzing the statutes on forms of action and pleadings, the court said:

"The object of the Legislature in enacting these statutes was not only to abolish distinctions between actions at law and suits in equity, but also to relieve litigants of the intricacies and technical distinctions involved in common-law rules of pleading, and to provide a plainer, simpler, more speedy, and less cumbersome system of procedure, by which their rights might be determined. Thus the abolition of all former distinctions in pleading and forms of action leaves but the one form—a civil action—which consists in a statement, in a proper court, in plain, ordinary, and concise language, of the facts showing the injury complained of, the redress to which the litigant is entitled, the party liable therefor, and concluding with a prayer for the relief sought.

"These statutory requisites being complied with, the litigant has placed himself within the cognizance of the court, and his rights are to be determined, under the law, from the facts, conditions, and circumstances involved.* * * The rights of parties under our statutes are not determined by the form of the action, but from the facts in the case, as governed by statute, aided by the decisions under similar circumstances. These rules of statutes are mandatory with the courts and redressive to litigants; and where a party to an action has brought himself clearly within them, he cannot be denied the right to have his grievances determined by them. There is nothing accomplished by the adoption of the Code of Procedure, if the intricate distinctions and cumbersome forms of common-law pleading are still to be maintained. If it were necessary to maintain them, in order to determine rights which cannot be determined or obtained under our Code Procedure, then our Code is inadequate. But such is not the case. Any right which could be obtained under the common-law system of pleading can be easily obtained under our Code Procedure. Any wrong which could be redressed under the common-law system can be speedily and adequately redressed under our Code, possibly much more so;

the Code being broader, simpler, more liberal, and more comprehensive. * * *

"It is true, as stated above, that courts, in determining the rights of parties from certain condition of facts, quite often, and we might say universally, turn to the common-law precedents to ascertain what the courts, governed by the distinctions made in forms of pleading under the common law, have held under the same circumstances. But in such cases it is not for the purpose of maintaining those distinctions of forms, but to find out what a court, compelled under the common law to recognize those distinctions in forms of pleading, has held, where the facts were the same."

In West v. Madansky, supra, after quoting section 4650, Rev. Laws 1910, the same being section 178, Comp. Stat. 1921, the court said:

"This section, construed in the light of sections 4644 and 4738, makes it clear that the one court, endowed alike with the powers of a chancellor and a court of law, has power to grant relief upon a statement of facts which constitutes a single wrong, and if the wrong be such as under the evidence the court can grant relief equitably, it will do so, and if it be such that relief is afforded under the law, then the same court will grant it in the same action."

In Smith v. Gardner, supra, the court said:

"Where a petition contains an allegation of facts which show that the plaintiff has been wronged, shows of what such wrong consists, and the damage plaintiff has sustained thereby, and shows that defendant perpetrated such wrongs and is liable therefor, and asks judgment for the amount of damage sustained by reason thereof, such petition states a cause of action."

In Stone v. Case, 34 Okla. 5, 124 Pac. 960, it being necessary to determine whether different causes of action were improperly joined in the petition therein, it was necessary that the court go into a thorough analysis and interpretation of the terms "subject of action," "cause of action," "object of action," etc., and to define the essential elements of each term in order to determine whether separate causes of action were improperly joined in the same petition. In discussing the elements of the cause of action, it is said:

"In its legal and logical significance a cause of action is a wrong for which a remedy is prescribed by law or afforded in equity. The delict and the remedy are the primary elements. These elements are indispensable. The wrong, per se, the act of infringement, if it be a wrong for which a remedy is afforded, constitutes the cause of action.

"The existence of a primary right is no more a part of the cause of action than the existence of the possessor of such right, or the existence of his right to exist. The possessor of the right might live a century and the right be possessed during the entire time, and yet no part of a cause of action, in the sense of being a ground for a suit, exists until the right is infringed upon, until a wrong is committed. When the wrong is committed, the first element of a cause of action springs into existence; and if it be a wrong which is forbidden by law, or one for which redress is afforded by law or in equity, then the cause of action is complete. There is no union of the primary right and the wrong. It is not the primary right, and its infringement which unite; but it is the wrong and the right to redress which unite to constitute a cause of action. Bliss on Code Pleading (section 2) says: 'We sue because of the wrong, to redress or protect it.' We think this is sufficient, and that it leaves it perfectly clear as to what is meant by the term 'cause of action.' "

Scarborough v. Smith, 18 Kan. 399, is cited in Stone v. Case, supra.

In Wheeler & Motter Mer. Co. v. Moon (Mont.) 141 Pac. 665, in the body of the opinion, the Montana court said:

"We shall not stop to determine the form of action presented by this complaint. The form in which an action is brought is of no consequence; nor does it matter that the complaint contains allegations not appropriate to the purpose sought to be attained. In determining the issues of law presented by a general demurrer to the complaint, * * * matters of form will be disregarded, as well as allegations that are irrelevant or redundant; and if, upon any view, the plaintiff is entitled to relief, the pleading will be sustained. Raymond v. Blancgrass, above."

In Schanbacher v. Payne et al., 79 Okla. 101, 191 Pac. 173, this court said:

"Where the petition of the plaintiff contains allegations sufficient to entitle the plaintiff to relief either at law or in equity, it is good as against a general demurrer."

In Jackson v. Moore et al., 79 Okla. 59, 191 Pac. 590, this court said:

"On a demurrer to a petition as defective, in that it does not state facts sufficient to constitute a cause of action, the petition must be liberally construed, and all its allegations taken as true for the purpose of the demurrer."

In Burford v. Ter. Land Co., 84 Okla. 102, 204 Pac. 274, this court said:

"Where a petition states several causes of action in several counts, if any of the counts in the petition state facts sufficient to constitute a cause of action, though such facts may not entitle the plaintiff to the entire relief prayed for, a general demurrer to such petition should not be sustained."

In Threadgill et al. v. Board of Education, 85 Okla. 121, 204 Pac. 1100, this court said:

"It is the duty of the court, in considering a general demurrer, to apply the law to the facts stated in the petition. If, upon applying the law to the facts so pleaded, the petition states a cause of action, it is reversible error for the court to sustain such demurrer."

In Bush v. Missouri State Life Ins. Co., 86 Okla. 182, 207 Pac. 317, this court said:

"Where a pleading states any facts upon which the pleader is entitled to any relief under the law, a general demurrer should not be sustained thereto."

We deem the foregoing sufficient to give a fair idea of what a petition in a civil action should contain and when the allegations constitute a cause of action. It is the purpose of this court to follow the provisions of the statute and to interpret the provisions of the Code of Civil Procedure from the standpoint of the code-makers rather than from the standpoint of a previous knowledge of common-law pleading.

The facts stated in the petition herein, being taken as true upon demurrer, constitute a cause of action, and the statutes above quoted afford the measure of relief. It is unnecessary to say whether or not the plaintiff is entitled to equitable relief, but should it be developed by proof that plaintiff is entitled to equitable relief in the nature of a receivership of the property of defendant against further dissipation or should the proof show plaintiff entitled to a decree that the property he held in trust for the benefit of plaintiff, the trial court, in a further proceeding, in the exercise of its equity powers, should grant such relief as the facts show plaintiff entitled to receive.

For the reasons given, the judgment sustaining the demurrer is reversed, and cause remanded, with directions to overrule the demurrer and grant such further proceedings as are not inconsistent with the views herein expressed. Reversed and remanded.

JOHNSON, C. J., and KANE, KENNAMER, NICHOLSON, and MASON, JJ., concur.