## PAGE v. OKLAHOMA CITY.

No. 12385.   Opinion Filed Nov. 22, 1927.

Rehearing Denied Jan. 31, 1928.

(Syllabus.)

1. **Eminent Domain—Constitutional Provision—Right to Compensation for Damages to Property Regardless of Physical Invasion.**

Section 24, art. 2, of the Constitution provides:

"Private property shall not be taken or damaged for public use without just compensation."

The use of the words "or damaged," in addition to the word "taken," in the above section of the Constitution, indicates a deliberate purpose not to confine a recovery to cases where there is a physical invasion of the property affected, but to make the test of liability the fact that private property has been damaged for the public use,

without regard to the means by which the injury was effected.

## 2. Judgment—Sufficiency of Petition—Plaintiff not Confined to Specific Relief Prayed for.

"The petition must contain:

"First: The name of the court, and the county in which the action is brought, and the names of the parties, plaintiff and defendant, followed by the word 'petition.' Second: A statement of the facts constituting the cause of action, in ordinary and concise language and without repetition. Third: A demand of the relief to which the party supposes himself entitled."

It is not necessary that the facts should be stated in such manner as would entitle one to recovery under any particular form of action, but sufficient if they show a right to recovery under the general principles of law.

Where a petition contains an allegation of facts which show that the plaintiff has been wronged, shows of what such wrong consists and the damage plaintiff has sustained thereby, and shows that defendant perpetrated such wrongs and is liable therefor and asks judgment for the amount of damage sustained by reason thereof, such petition states a cause of action.

A plaintiff is not confined to the specific relief prayed for, he may pray for such relief as he supposes himself entitled, and will then be granted such relief as he proves himself entitled to.

## 3. Evidence—Inadmissibility of Offer by Witness for Land in Suit Against City for Damages to Land from Pollution of Stream.

Suit having been filed for damages caused by the emptying of a city sewer upon plaintiff's land, it was error to admit the testimony of a witness that since the filing of the suit and just before the trial he had offered to pay plaintiff a stated amount per acre for her land.

Error from District Court, Oklahoma County; Frank Mathews, Assigned Judge.

Action by Minnie Page against Oklahoma City. Judgment for defendant, and plaintiff brings error. Reversed and remanded.

Twyford & Smith, for plaintiff in error.

John Frank Martin, D. B. Welty, R. E. Wood, and R. E. Lee, for defendant in error.

HARRISON, J. This action, by Winnie Page against the city of Oklahoma City, was for damages caused by the emptying of a city sewer upon her land. She denominated it a nuisance and alleged, in effect, that, because of the discharge of the sewage upon her premises and the offensive and unendurable stenches and odors and poisonous stinking gases coming from such sewage, her land had been rendered comparatively worthless in value and uninhabitable without great danger to her health and life. She further alleged that before the putting in of said sewer her land was worth $500 per acre, that since the putting in of same it is not worth $100 per acre, and that she, owning 120 acres, was thereby damaged in the sum of $48,000. That, prior to the filing of this suit and within six months from the date of filing same, she had filed her claim with the proper city officers for the damages she had sustained, which claim was wholly disallowed and rejected. Wherefore she prayed for judgment in the sum of $48,000.

The answer was, in effect, no more than a general denial, and the trial resulted in a verdict in favor of the city. Mrs. Page has appealed here, contending that the trial court erred in its instructions, erred in admission of testimony, and that the verdict and judgment was contrary to the law and the evidence.

In our judgment the assignment that the court's instructions were erroneous should be sustained. The court seems to have gotten into a maze of technicalities as to whether the action was for permanent or temporary injuries, as to whether she could or could not recover for both, and whether, if the action was for one, she could recover for the other, and whether, if it be for permanent injuries and it should appear that the cause could be removed by money and labor, that she would not be entitled to recover for permanent injury; and the instructions virtually had the effect of telling the jury that her action being for permanent injury and it appearing that the city might remove the cause by money and labor, she was therefore not entitled to recover anything, and overlooked her plain constitutional and statutory rights in the premises.

Aside from the overwhelming preponderance of the evidence as to the dangerous and unendurable effect of the sewer upon her land and upon the inhabitants around there, it is a matter of common knowledge that the emptying of sewage by a large city upon a tract of land will injure the value of the land and endanger the health of the inhabitants thereon.

It cannot be denied that the city without her consent put in the sewer which

emptied out upon her land. It must be conceded, also, that the city, under the Constitution and statutes, had a right to take and appropriate her land for public use, but section 24, art. 2 of our Constitution, provides:

"Private property shall not be taken or damaged for public use without just compensation."

While her property was not taken out and out for public use, it was damaged by public use, to the extent of rendering it comparatively worthless, and she is entitled to just compensation for the damages she sustained. This is plain under the Constitution and conclusive under the facts. She was therefore entitled to compensation for the damages she sustained by reason of the public use of her property.

In City of Muskogee v. Hancock, 58 Okla. 1, 158 Pac. 662, L. R. A. 1916F, 897, it is said:

"The use of the words 'or damaged,' in addition to the word 'taken,' in the above section of the Constitution, indicates a deliberate purpose not to confine a recovery to cases where there is a physical invasion of the property affected, but, to make the test of liability the fact that private property has been 'damaged' for the public use, without regard to the means by which the injury was effected."

See, also, City of Cushing v. Luke, 82 Okla. 189, 199 Pac. 578.

In addition to the constitutional guaranty for·compensation, section 5969, C. S. 1921 provides:

"Any person who suffers detriment from the unlawful act or omission of another may recover from the person in fault a compensation therefor in money, which is called damages."

Section 5970 defines:

"Detriment is a loss or harm suffered in person or property."

Having sustained detriment by the public use of her property, and her claim for compensation having been rejected by the city, she sought relief by bringing this action for damages, and filed her petition, stating the facts which constituted her cause of action, stating the facts which constituted her injury and the cause thereof. These facts were stated in ordinarily plain and concise language and without repetition, and she prayed for the relief to which she supposed herself entitled.

Section 265, C. S. 1921, provides:

"The petition must contain:

"First: The name of the court and county in which the action is brought, and the names of the parties, plaintiff and defendant, followed by the word 'petition.'

"Second: A statement of the facts constituting the cause of action in ordinary and concise language and without repetition.

"Third: A demand of the relief to which the party supposes himself entitled."

Her petition complied fully and technically with all the foregoing requirements of the statute.

· In Hawkins v. Overstreet, 7 Okla. 277, 54 Pac. 472, it was held: The only rule for stating the facts in any petition is that contained herein, "It is not necessary that the facts should be stated in such manner as would have entitled (one) the plaintiff to a recovery under any particular form of action," but sufficient if they show a right to recovery * * * under the general principles of law."

In Smith v. Gardner, 37 Okla. 183, 131 Pac. 538, this court held:

"Where a petition contains an allegation of facts which show that the plaintiff has been wronged, shows of what such wrong consists and the damage plaintiff has sustained thereby, and shows that defendant perpetrated such wrongs and is liable therefor and asks judgment for the amount of damage sustained by reason thereof, such petition states a cause of action."

In our opinion her petition fully complied, not only with the statutory requirements, but with this court's construction of the statutes. Hence, if she proved the allegations in her petition, she obviously was entitled to something for the injuries she had sustained.

She had stated a cause of action, stated facts which constituted cause of action, and was entitled to compensation for such injuries as she was able to prove she had sustained, whether they be of a permanent or temporary character, and in our opinion she proved the extent of her injuries by a conclusive preponderance of the testimony, but, as heretofore stated, she was virtually precluded from recovery, as the trial court seemed to hold that, her action being for permanent injuries and the city having set up a claim that it intended to remove the injuries, she was not entitled to anything.

This, in our opinion, was such an injustice to her as to clearly constitute reversible error. If her petition was in fact for permanent injury and was properly construed as such by the trial court, and all the facts and circumstances surrounding the

case showed her injuries to be only temporary because of the promise of the city to remove the sewer, still she was entitled to amend her petition so as to conform to the facts proved, or to have her petition treated as amended so as to conform to the facts proved, and was still entitled to compensation for the injuries she had received. A plaintiff is not confined to the specific relief prayed for; he may pray for such relief as he supposes himself entitled, and will then be granted such relief as he proves himself entitled to.

It is our opinion, however, that the detriment she had proved was of a permanent character, and that she should not have been denied recovery for a permanent injury done to her land because the city had merely promised to divert the sewage and thereby remove the cause. No one could know or say when the city would remove such cause, nor whether it would ever remove it, and the fact that the city had wholly rejected her claim for any compensation and was taking no steps toward diverting the sewage, indicates that it never intended to remove the cause. Under these circumstances, she was entitled to recover both present and prospective damages, as the prospects were that the detriment would continue permanently. See Highland Ave. v. Mathews, 14 L. R. A. 462.

She alleged and proved that, before the sewer was put in, her land was valuable for agricultural and gardening purposes and also valuable for the purposes of platting into city blocks and lots for building and residence purposes, also proved that she had platted a portion of same into lots and blocks and had buildings erected thereon and people resided in such buildings until after the putting in of the sewer. She alleged that her land was worth $500 per acre before the putting in of the sewer and that it was not worth more than $100 after the putting in of same. Several disinterested real estate dealers testified that her land was worth $600 or $700, and some of them that it was worth $800 per acre, before the sewer was put in, and all testified that it was not worth over $100 after it was put in. Under these circumstances, it would be a gross injustice to deny her compensation; it would be a denial of her constitutional guaranty for compensation, as well as her plain statutory right to compensation.

It is contended by the city that when the sewer was put in, the main current of the Canadian river ran through this channel, but after it was put in, they claim, a great rise in the river changed the channel and left the channel in which the sewage emptied without any water, except such as stood in it and except such as was discharged into it by the sewer. There was proof, however, that the channel was changed before the sewer was ever put in and that there was no running current through the channel when the sewer was put in, but, be that as it may, it was not her fault that the channel changed, nor does such fact lessen the detriment she has sustained, if it be true that it did change after the sewer was put in; the misfortune of the change should be borne by the city and not by her.

It is urged next that the court erred in the admission of testimony. A witness was permitted to testify that since the filing of the suit and just before the trial, he had offered Mrs. Page $400 per acre for her land. This testimony was objected to by plaintiff, Mrs. Page, and the objection overruled.

This is a class of testimony the admission of which, at best, is dangerous, and at all times is safely rejected.

In St. Joseph & D. C. R. Co. v. Orr, 8 Kan. 419, the Supreme Court of Kansas, in speaking of this class of evidence, said:

"We can find no case nor can we recall any principle that would permit the proof of an offer for property as tending to show its value. It is a kind of proof that is so easily manufactured that its admission would be too dangerous to be tolerated. For the error in admitting this testimony the case must be reversed and a new trial awarded."

In Sharp v. U. S., 48 L. Ed. 211, the United States Supreme Court, in sustaining the trial court for rejecting this class of testimony, said:

"A reference to the authorities shows them to be almost unanimous against receiving evidence of this kind."

See, also, Chicago. M. & St. P. R. Co. v. Alexander (Wash.) 91 Pac. 626; Hine v. Manhattan Ry. Co., 132 N. Y. 477, 480. 30 N. E. 985, 15 L. R. A. 591; Kellar v. Paine, 34 Hun (N. Y.) 167. Also North Coast Ry. Co. v. Newman (Wash.) 119 Pac. 823; Blincoe v. Choctaw Ry. Co., 16 Okla. 286, 83 Pac. 903, 4 L. R. A. (N. S.) 890; Lawton Rapid Transit Co. v. City of Lawton, 31 Okla. 467, 122 Pac. 212.

In the light of these decisions, we must hold that the court erred in admitting this testimony.

Having found that the court erred in its instructions and erred in the admission of the testimony above referred to, it follow that the verdict and judgment was contrary to law and the evidence. The judgment is therefore reversed, and remanded for further proceedings not inconsistent with the views expressed in this opinion.

Reversed and remanded.

All the Justices concur.

Note.—See under (1) 20 C. J. p. 643, §123; pp. 672, 673, §140; anno. 47 L. R. A. (N. S.) 462; 10 R. C. L. p. 66; 5 R. C. L. Supp. p. 541; 6 R. C. L. Supp. p. 596. (2) 33 C. J. p. 1149, §90; 31 Cyc. pp. 92, 93, 111, 116. (3) 22 C. J. p. 187, §150.