**ST. LOUIS-S. F. RY. CO. v. MATTHEWS.**

No. 24190. Sept. 10, 1935.

Rehearing Denied Oct. 15, 1935.

E. T. Miller, Cruce & Franklin, and G. W. Satterfield, for plaintiff in error.

T. L. Blakemore, for defendant in error.

PER CURIAM. This is an appeal by plaintiff in error, defendant below, from an adverse judgment of the district court of Creek county, Okla., entered upon the verdict of a jury in favor of defendant in error, plaintiff below. A proper understanding of the questions involved requires a summary statement of the proceedings in the trial court.

In her second amended petition, upon which the case proceeded to trial, plaintiff alleges in substance, that during the period from August 1, 1922, the approximate date upon which defendant first began using oil-burning locomotives in the city of Sapulpa, Okla., up to

the time of filing said second amended petition, certain real estate owned by her in said city, together with the several dwelling houses located thereon, depreciated and declined in market value at least $2,900 as the direct and proximate result of excessive and violent vibrations from certain of said oil-burning locomotives operated during said period of time by defendant upon its main line and switch tracks adjacent and in close proximity to her premises; that such vibrations caused the foundations under said houses to crack and become insecure, the windows and doors thereof to rattle and break, the plastering therein to become loose and fall, and said premises to become generally untenantable; and that such vibrations resulted from the careless and negligent manner in which defendant operated its said locomotives. She prays judgment against defendant for $2,900 and costs.

The specific acts of negligence alleged by plaintiff are (1) that instead of causing fuel oil to be fed into the fireboxes of its locomotives in a gradual stream, thereby permitting continuous combustion, defendant caused the same to be fed intermittently and in globules, and (2) that instead of operating said locomotives with the doors and vents of such fireboxes open, it permitted the same to remain closed, thereby materially increasing the intensity of the vibrations resulting from combustion.

After first interposing its general demurrer, which was overruled with exception, defendant filed its answer to said second amended petition, alleging in substance that it first installed and began using oil-burning locomotives at Sapulpa some time during the month of August, 1922, and ever since had used the same there, but that its fuel appliances employed in connection therewith were of the latest approved design and its use thereof was in the generally recognized and approved manner. It denies all allegations of said second amended petition not specifically admitted in said answer and prays the judgment of the court, with costs.

Plaintiff thereupon filed her reply, denying all material allegations of said answer, and upon the issues so framed the case proceeded to trial.

At the conclusion of plaintiff's evidence, defendant demurred thereto, assigning as its reason "that the same, taken together with all inferences that may be drawn therefrom, is not sufficient to show actionable negligence, * * * and is not sufficient to entitle plaintiff to recover anything from this defendant." After argument thereon, the demurrer was overruled and an exception allowed to defendant, the trial judge commenting at the time that he was "inclined to think this case is based on negligence," and that "the testimony on negligence is very meagre, but think there might be enough to go to the jury." In view of the assertion made by plaintiff's counsel earlier during the trial, that "under the Constitution of the state of Oklahoma no individual may take another's property or damage it without adequate compensation," it is at least suggested by the above comments of the trial judge that there had been directed to his attention and he had in mind plaintiff's contention that she was entitled to recover under the constitutional provision mentioned, as well as upon the theory of alleged negligence.

When all evidence had been introduced and both parties had rested, defendant moved for an instructed verdict in its behalf, setting forth in support thereof the identical reason urged in connection with its demurrer to plaintiff's evidence. This was overruled, defendant saving its exception, and, after some further proceedings not material here, the case was submitted to the jury under instructions by which plaintiff's right to recover was expressly confined and limited to the first act of negligence alleged in her second amended petition as aforesaid. While defendant preserved its exceptions to practically all instructions not requested by it, plaintiff excepted to none. Under the instructions so given, the jury returned its verdict against defendant, fixing the amount of plaintiff's recovery at $1,500. Thereupon, defendant perfected its appeal to this court.

Defendant presents in its original brief only one proposition, namely: That the evidence was not sufficient to sustain the alleged negligence and not sufficient to justify submission of the case to the jury. It groups all of its assignments of error under that proposition. Let us examine this contention in the light of the record.

We agree with defendant that the evidence discloses no actionable negligence on its part. The trial court correctly instructed the jury to disregard entirely the second act of alleged negligence charged by plaintiff. There is no evidence in the record to support it. With reference to the first act of alleged negligence, plaintiff aside from establishing the frequent occurrence of violent vibrations substantially as alleged, as well as the nature and extent of the damage resulting therefrom, produced witnesses who testified in substance that some of defendant's oil-burn-

ing locomotives caused vibrations. while others did not; that those causing vibrations usually were engaged in pulling heavy loads or, if standing still, "would steam up to perform their duties"; and that "the effect of feeding too much oil into the firebox at any given time, instead of feeding in a fine spray" would cause improper combustion, an "excess explosion of gas, oil in the firebox," and result in "quite a rumbling noise." That testimony is not sufficient to prove the negligence alleged.

To establish such negligence, it was incumbent upon plaintiff to proceed one step further and show by a fair preponderance of the evidence that it was more probable, not merely possible, that the vibrations in question were caused by improper feeding of fuel on the part of defendant's employees in charge of its locomotives rather than by some other act or condition consistent with non-liability. That was not done. While the above testimony may lend some support to the conclusion that such improper feeding of fuel was within the realm of possibility, it does not meet and satisfy the requirement just stated. This is particularly true in the light of other evidence in the record suggesting that, by virtue of the very nature of the fuel appliances used and the fact that combustion itself is necessarily involved, any oil-burning locomotive, when being prepared for or while engaged in heavy duty, will produce more or less violent vibrations and rumbling noises, regardless of how efficiently and how properly it may be operated and managed. To hold otherwise would require resort to the rankest of speculation and conjecture, violative of the rules announced by this court in St. Louis & S. F. R. Co. v. Model Laundry, 42 Okla. 501, 141 P. 970; Midland Valley R. Co. v. Rupe, 87 Okla. 286, 210 P. 1038; and Hepner v. Quapaw Gas Co., 92 Okla. 9, 217 P. 438. In other words, as said in the Rupe Case, supra:

"A judgment must be based upon evidence reasonably tending to support the same, not upon conjectures, and such judgment founded upon proof of a mere possibility will not be permitted to. stand."

However, reaching the above conclusion does not dispose of this appeal. Because it has been determined that plaintiff has established no actionable negligence, it does not necessarily follow as a corollary that she is entitled to recover nothing from defendant, or that the facts pleaded and proved by her do not entitle her to relief based upon some established theory of liability other than negligence. If such other theory exists and is tenable, the most that can be said is that the trial court assigned an erroneous reason for its refusal to sustain defendant's demurrer to plaintiff's evidence and defendant's motion for an instructed verdict. Error of that nature cannot be permitted to influence the deliberations of this court or to work a reversal of the case (Board of Equalization v. First State Bank, 77 Okla. 291, 188 P. 115; Canode v. Claypool & Wheeler, 86 Okla. 262, 207 P. 974; Bath v. Dumas, 108 Okla. 260, 236 P. 1; Hawkins v. Ferguson, 131 Okla. 277, 268 P. 727; Improved Industrial Order v. Muskogee Bank, 139 Okla. 16, 280 P. 1087; and cases cited therein.)

In Plante v. Robertson, 71 Okla. 144, 175 P. 840, we held:

"Where a petition states a cause of action, and is supported by the undisputed evidence, on appeal, a judgment in such case will not be disturbed, even though it be made to appear that in rendering the judgment the trial judge may have taken into account some immaterial issue."

The record discloses that, irrespective of negligence plaintiff pleaded and proved, for the most part by uncontroverted testimony, each of the following facts: First, that the operation of some of defendant's oil-burning locomotives in close proximity to her premises during the period in question produced frequent and violent vibrations. Second, that such vibrations were conveyed to said premises with such unabated force that the buildings thereon sustained certain physical damage and were rendered practically unfit for residential purposes. And third, that as the direct and proximate result of the foregoing facts, the market value of said premises declined greatly in excess of $2,900, the amount for which suit was brought. These facts alone were sufficient to authorize recovery under section 24, art. 2, of the Constitution of Oklahoma, providing that "private property shall not be taken or damaged for public use without just compensation." City of Muskogee v. Hancock, 58 Okla. 1, 158 P. 622; Oklahoma City v. Vetter, 72 Okla. 196, 179 P. 473; St. Louis & S. F. R. Co v. Ledbetter, 83 Okla. 78, 260 P. 701; Tibbets & Pleasant. Inc., v. Benedict, 128 Okla. 106, 261 P. 551; Page v. Oklahoma City, 129 Okla. 28, 263 P. 448; State Highway Commission v. Smith, 146 Okla. 243, 293 P. 1002.

In St. Louis & S. F. R. Co. v. Ledbetter, supra, we held:

"Where the owner of an abutting tract is damaged by the location of switch yards, roundhouse, coal chutes, pits, etc., his right of recovery is not governed by the law relating to recovery for damages caused by a nuisance, but is governed by the law of compensation for damages sustained by the location and necessary operation of a public service or utility. The constitutional provision that 'private property shall not be taken or damaged for public use without just compensation' means that the public shall neither take nor damage private property for public use without justly compensating the owner thereof.

"The above provision is made in contemplation of the essential right of the public to take private property for public use when it becomes necessary, and to use it in such manner and for such purpose as the public necessity may require, although the manner of its use and the purpose for which it is used may damage abutting property, but the owner thereof is nevertheless entitled to compensation for the damage actually sustained.

"Where the evidence is sufficient to warrant the conclusion that property was worth $7,000 before the location of switch yards, roundhouse, coal chutes, etc., abutting thereto, and was worth but $4,000 afterward, and that the operation of said facilities had caused the depreciation, a verdict for $1,500 will not be set aside as not being supported by the evidence."

Under the foregoing authorities, which are controlling, the trial court committed no error in refusing to take this case from the jury. The verdict returned in plaintiff's favor is amply supported by the evidence.

The mere fact that negligence was alleged does not preclude plaintiff from recovering under another theory deducible from the facts stated in her second amended petition and relied upon by her in the trial court. Under our Code, a complaining party need allege only facts (sec. 198, O. S. 1931), and he will be awarded all such relief as may be warranted by proof of the facts so alleged. Schanbacher v. Payne, 79 Okla. 101, 191 P. 173; Page v. Oklahoma City, 129 Okla. 28, 263 P. 448; Ganas v. Tselos, 157 Okla. 107, 11 P. (2d) 751. It is the court's duty to properly determine from the facts the nature of the relief to which a complainant is entitled. Owens v. Purdy, 90 Okla. 256, 217 P. 425; Security Nat. Bank v. Geck, 96 Okla. 89, 220 P. 373. Where there is some uncertainty as to the ground of recovery, facts supporting several theories may be alleged and proved. Mellon v. Fulton, 22 Okla. 636, 98 P. 911; Harris v. Warren-Smith Hardware Co., 44 Okla. 477, 144 P. 1050; Amazon Fire Ins. Co. v. Bond. 65 Okla. 224, 165 P. 414; Carter Oil Co. v. Garr, 73 Okla. 28, 174 P. 498; Ponca City Milling Co. v. Krow, 131 Okla. 98, 267 P. 629.

The trial court's instructions limiting plaintiff's right of recovery to negligence, although erroneous, was more favorable to defendant than it was entitled to, and cannot be made the basis for a reversal of this case. In determining that defendant was liable to plaintiff under such instructions, the jury necessarily had to conclude that plaintiff's property had been damaged to the extent of $1,500, the amount of the verdict, by virtue of the vibrations from defendant's locomotives. That is all that is required to establish defendant's liability under section 24, art. 2, of the Constitution. The error complained of by defendant in that connection was harmless to it. Oklahoma City v. Page, 153 Okla. 285, 6 P. (2d) 1033.

The judgment of the trial court is affirmed.

The Supreme Court acknowledges the aid of Attorneys S. W. Hayes, W. H. Brown, and Geo. M. Nicholson in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Hayes, and approved by Mr. Brown and Mr. Nicholson, the cause was submitted to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS, WELCH, and CORN, JJ., concur.