HOFFMANN v. TOWNSEND.

No. 32223. Nov. 26, 1946.

Rehearing Denied March 18, 1947.

*178 P. 2d 89.*

Turner & Seaberry, of Eastland, Tex., and Glenn O. Young, of Sapulpa, for plaintiff in error.

Creekmore Wallace, of Oklahoma City, for defendant in error.

BAYLESS, J. C. W. Hoffmann appeals to this court from a judgment of the district court of Creek county in favor of Marie Barnett Townsend. The action was tried to the court without a

jury, and at the conclusion of Hoffmann's evidence Townsend interposed a demurrer and at the same time announced that, irrespective of the court's ruling on the demurrer, the trial was at an end since she had no evidence to offer. The court sustained the demurrer, and at a later stage of the proceedings stated that it was intended that the ruling on the demurrer should constitute a judgment on the issues in favor of Townsend. The parties have, in the briefs and oral arguments, disputed whether this appeal should be regarded as an equitable or legal action insofar as the demurrer is concerned, or whether the demurrer should be disregarded and the appeal treated as being from a judgment based upon a weighing of the evidence.

We are of the opinion, upon consideration of the orders made by the trial judge, that the ruling on the demurrer should be disregarded further than its effect forecasting the final judgment entered upon the issues in favor of Townsend, and that we should consider this appeal as an appeal involving the correctness of the trial court's judgment upon the weight of the evidence.

The primary import of the petition of Hoffmann was to recover a money judgment upon contract, with the secondary aspect of the relations of the parties defendant (motivating their contracts with each other and him) being that of mining partners or joint venturers. At the conclusion of the trial Hofmann asked and was granted permission to amend his petition to conform to the evidence by including pleas of agency and estoppel. Hoffmann says in his brief that it is clear from the evidence that he was entitled to recover upon all three of the grounds mentioned as well as upon the theory that he was to the extent of his claim an assignee of a part of a contract debt due from Townsend to Wallace. He argues that if the record shows any ground upon which judgment should be rendered in his favor, he is entitled to judgment thereon irrespective of other specific grounds that may or may not be good. Page v. Oklahoma City, 129 Okla. 28, 263 P. 448, and other cases.

We are of the opinion that Hoffmann's petition states sufficient facts to tender a claim to money from Townsend upon the theory of a contract between himself and Wallace assigning him an interest in money expected to become due from Townsend to Wallace. Under the authorities this constitutes an equitable assignment that is enforceable. Franz Falk Brew. Co. v. Mielenz, 5 Dak. 136, 37 N. W. 728; Hogg v. Mendenhall, 19 Minn. 335; and Brewer v. Harris, 147 Kan. 197, 75 P. 2d 287. In Illinois Powder Mfg. Co. v. Security Bank & Trust Co., 174 Okla. 293, 50 P. 2d 411, we discussed at length the elements of an equitable assignment, and adopted the language and reasoning of Ford v. Angelrodt, 37 Mo. 50, 88 Am. Dec. 174, to the effect that an agreement between a debtor and creditor, as Wallace and Hoffmann in this case, that the debt owing should be paid out of a specific fund coming to the debtor followed by an order given by the debtor to his creditor directed to the person owing money to the debtor, as from Townsend to Wallace in this case, to pay the money owing the debtor to his creditor instead, is a good equitable assignment. The fact that in this instance the money to be owing by Townsend to Wallace is an expectancy, based on contingency, does not alter the rule. As pointed out in Mitchell v. Winslow, 17 Fed. Cas. 527, the contingent nature of the debt so assigned is the true difference between an equitable assignment and a legal assignment, as the latter always relates to a thing in being. Restatement, Contracts, 149(1), says that an assignment is a manifestation by the owner of a contract right of an intent to transfer such right to another without further action or manifestation. In re Link's Estate, 17 N.Y.S. 2d 634, states that one of the true elements or tests is whether the person to whom the order to pay is directed would be justified in relying thereon and paying the fund to the named assignee.

There remains, then, the question of whether the evidence in the record discloses that the contingency upon which Townsend would owe money to Wallace came to pass. It is agreed that Wallace sold Townsend an interest in certain leases, Townsend paying $9,000 and agreeing to pay an additional $8,000 when Wallace had drilled 200 feet into a named formation. The undisputed testimony discloses that Wallace drilled into this formation, but the dispute between the parties arose as to whether he had drilled as much as 200 feet into the formation. Hoffmann introduced sufficient, positive, and probatively valuable evidence to support his assertion that the well was drilled 200 feet into the formation. Townsend introduced no evidence. When Hoffmann first asked Townsend to pay the money on the theory Wallace had earned the money, Townsend promised payment in writing and did not deny Wallace's performance. She limited her defense in this trial to attacking the competency of Hoffmann's witnesses and trying to cast doubt upon the testimony they gave by cross-examination. What is the effect of the trial judge's finding in favor of Townsend in the face of this evidence?

The rule is that in a law action when the judge tries the issues of fact, a jury being waived, his findings of fact on conflicting evidence have the same effect as the verdict of a jury. City of Chickasha v. Looney, 36 Okla. 155, 128 P. 136. This usually arises from the fact that the trier of the facts is the sole judge of the weight and value to be given the testimony of the witnesses. However, there is a recognized exception to this rule. When the plaintiff's evidence only is being weighed, and it is positive, uncontradicted, and is not inherently improbable, the trier of the facts is not at liberty to arbitrarily disregard such evidence and render judgment contrary thereto. T. S. Reed Gro. Co. v. Miller, 36 Okla. 134, 128 P. 271. We think that rule applies here.

In considering this record, we have reached the conclusion that the trial judge regarded the issue of mining partnership as being primary and controlling, and we agree with the conclusion he reached on that issue. Upon consideration of the record and the authorities cited on the law of mining partnerships and joint venturers, we are of the opinion that Hoffmann's evidence was wholly insufficient to show such relationship between Townsend and Wallace. Townsend cites and relies on several Oklahoma cases dealing with this subject, National Union Oil & Gas Co. v. Richard, 164 Okla. 13, 22 P. 2d 88, being representative. The purchase of an interest in a block of leases, including the drilling site, does not create the relationship, and the knowledge of the purchaser that the vendor is obligated to use the money derived from the sale to prosecute the exploration of the leases involved in the sale does not give a different character to the sale.

In addition, the whole of Hoffmann's evidence was tendered in support of the amended pleadings to support a judgment in favor of Hoffmann on the basis of agency or estoppel. There is no evidence showing the vesting of an agent's authority in Wallace by Townsend, and nothing in the contract between Hoffmann and Wallace to indicate it was entered into with intent to bind Townsend as a principal in the same manner and extent that Wallace was bound, and there is nothing in the telegrams and letters Hoffmann wrote to Townsend and her attorney to indicate that Hoffmann regarded Townsend as anything other than a debtor of Wallace's to the extent of $8,000. Also, Hoffmann failed to show by any convincing evidence that he did or omitted to do anything that prejudiced his rights in reliance on any understanding of Townsend's position in this matter that now causes a court of equity to say that Townsend may not defend the action against her. In other words, Hoffmann dealt with Wallace upon the expectation that Wallace would do certain things that would cause Townsend to owe Wallace $8,000, and that he, Hoffmann, would be paid his debt from this sum. Hoffmann now

338

shows that Wallace performed according to his contract with Townsend, that Townsend owes and should pay Wallace $8,000, or, what is more satisfactory, should pay Hoffmann his debt of $3,192.22 out of the $8,000.

While we conclude that Hoffmann made a showing that entitled him to judgment as pointed out, it is clear that Hoffmann's omission to present clearly the issue of equitable assignment and to prosecute it with the clarity and vigor he did the other issues, and Townsend's omission to introduce evidence probably caused the trial court to render judgment on the other issues and fail to mention equitable estoppel; and for this reason we think there should be a retrial.

The judgment is reversed with directions to grant a new trial.

GIBSON, C. J., HURST, V. C. J., and OSBORN and DAVISON, JJ., concur. RILEY and WELCH, JJ., dissent.

Rehearing Denied March 18, 1947.