**FINANCE CORPORATION, Plaintiff in Error,**

v.

**The MODERN MATERIALS COMPANY, Defendant in Error.**

**No. 37414.**

Supreme Court of Oklahoma.

Feb. 19, 1957.

Rehearing Denied June 18, 1957.

A. K. Little, L. D. Hoyt, Oklahoma City, for plaintiff in error.

Ben T. Head, Oklahoma City, for defendant in error.

**WILLIAMS, Justice.**

This action was brought by the Modern Materials Company, hereinafter referred to as plaintiff, against Finance Corporation, hereinafter referred to as defendant, alleging that defendant was obligated to pay from the proceeds of a certain purchase money mortgage in the amount of $6,600 the sum of $3,690.98 to one Day, then the sum of $2,063.67 to one Shaw, and the balance, if any, to one Trimble or his assigns, and that Trimble had assigned to plaintiff the sum of $685 out of the proceeds of the mortgage; that a copy of such assignment was mailed to defendant on June 11, 1954, and on June 15, 1954, defendant, in writing, acknowledged receipt thereof; that defendant thereafter received the full amount of the proceeds of such mortgage but has failed and refused to pay any of such funds to plaintiff, although demand therefor has been made and that plaintiff is therefore entitled to recover the sum of $685.

After a trial to the court, a jury being waived, judgment was rendered for plaintiff in the amount sought, and defendant appeals.

As its first proposition of error defendant contends that while a creditor may make a valid assignment of an entire debt owing

to him, he cannot make an assignment of only a part of it enforceable against the debtor unless the debtor consents, and that plaintiff's petition therefore did not state a cause of action.

■ Such is the general rule at common law. United States Fidelity & Guaranty Co. v. Great Southwestern Petroleum Co., 97 Okl. 79, 222 P. 560, and cases therein cited; 4 Am.Jur. 279.

There can be no doubt but that the assignment sued on here was a partial assignment.

Plaintiff suggests that the rule above stated has no application to this case because the power and authority to execute assignments was given by agreement. It is true that the agreement under which defendant became obligated to distribute the fund in question when received, contained language indicating an intention that the right to participate in the fund was subject to assignment. Furthermore, such right would be assignable, even without such language, by virtue of the provisions of 60 O.S.1951 § 313. It is not, however, the question of the right to assign which is involved here, but rather the right or power to, by partial assignment, split a single obligation or cause of action into several separate obligations or causes of action upon which separate actions at law may be brought against the obligor. The import of the general rule, above stated, is that such cannot be done without the consent of the debtor. In the case of United States Fidelity & Guaranty Co. v. Great Southwestern Petroleum Co., supra, this point is made clear by use of the following quotation from Mandeville v. Welch, 5 Wheat. 277, 5 L.Ed. 87:

"The reason of the principle is plain. A creditor shall not be permitted to split up a single cause of action into many actions, without the assent of his debtor, since it may subject him to many embarrassments and responsibilities not contemplated in his original contract. He has a right to stand upon the singleness of his original contract,

and to decline any legal or equitable assignments by which it may be broken into fragments. When he undertakes to pay an integral sum to his creditor, it is no part of his contract that he shall be obliged to pay in fractions to any other person."

It should be made clear at this point that while defendant acknowledged receipt of the assignment sued on, there is no evidence that it consented to such partial assignment or agreed to be bound thereby, and there is no allegation in plaintiff's petition that such was the case.

Plaintiff cites and relies upon Hoffman v. Townsend, 198 Okl. 335, 178 P.2d 89, and Edmonston v. Holder, 203 Okl. 189, 218 P. 2d 905, which hold, in effect, that a partial assignment, such as the one here involved, constitutes an equitable assignment which is enforceable against the debtor with notice thereof. These cases are not in conflict with the rule above stated, but illustrate the principle that the assignee in a partial assignment is not without a remedy even though the debtor does not consent to the partial assignment. The reason obtaining at law for refusing to enforce a partial assignment, that if given effect the debtor would be deprived of the right to pay his debt in solido and might be subjected to many actions, embarrassments, and responsibilities not contemplated in his original contract, does not apply in equity where the procedure contemplates that all persons at interest should be made parties and have their rights determined by a single decree. By the great weight of authority, the assignment of part of a debt, although not assented to by the debtor, is enforceable against him in equity. 4 Am.Jur. 281; annotation, 80 A.L.R. 413.

■ In this state the distinction between actions at law and suits in equity has been abolished and there has been substituted therefor one form of action, a civil action, which consists of a statement, in a proper court, in plain, ordinary and concise language, of the facts showing the injury complained of, the redress to which

**458**

the litigant is entitled, the party liable therefor, and ordinarily concluding with a prayer for the relief sought. The one court, endowed alike with the power of a chancellor and a court of law, has power to grant relief upon a statement of facts which constitute a single wrong, and if the wrong be such as against which under the evidence the court can grant relief equitably, it will do so, and, if it be such that relief is afforded under the law, then the same court will grant it in the same action. Security Nat. Bank v. Geck, 96 Okl. 89, 220 P. 373.

We are of the opinion and hold that the net result of all the foregoing principles is that an action may be brought on a partial assignment in this state by the assignee against the debtor, and that if the debtor has consented to the partial assignment the debtor and the assignee are the only necessary parties, but if the debtor has not consented to such partial assignment, then the assignor, the assignee, the debtor, and all other parties claiming an interest in the indebtedness, such as other assignees, should be made parties, either plaintiff or defendant, so that the rights of all concerned may be determined in the single action.

Plaintiff's petition, since it alleged the existence of the debt, execution and delivery of the assignment, notice to defendant of the assignment, and failure and refusal of defendant to honor the same, did state a cause of action. Clark v. Armstrong & Murphy, 180 Okl. 514, 72 P.2d 362; Edmonston v. Holder, supra; Hoffman v. Barnett, supra. The court therefore did not err in overruling defendant's demurrer and objection to the introduction of any evidence, both of which were based on the sole asserted ground that the petition did not state facts sufficient to constitute a cause of action.

It is true that there appears to have been a defect of parties, plaintiff or defendant, partly on the face of the petition and partly not appearing from the face of the petition. But defendant at no time made specific objection to the defect of parties, either by demurrer, answer, or otherwise, and the same must therefore be considered as waived. Panther Oil & Gas Co. v. Brown, 170 Okl. 210, 39 P.2d 150; 12 O.S.1951 §§ 268 and 269.

Defendant also contends that plaintiff's evidence does not support the judgment, but does not argue such contention as a separate proposition. Apparently such contention is based partly on the previous contention, relative to the assignment sued on being a partial assignment only and therefore not enforceable, which we have already demonstrated as being without merit, and partly on other grounds. Suffice it to say, we have carefully reviewed the record and find that the judgment is not contrary to the clear weight of the evidence.

The judgment is affirmed.

WELCH, C. J., and HALLEY, JOHNSON, BLACKBIRD, JACKSON and CARLILE, JJ., concur.