COLLECTION AGENCIES — — LICENSING Title 14A O.S. 3-502 [14A-3-502], 14A O.S. 6-201 [14A-6-201], 14A O.S. 6-202 [14A-6-202] and 14A O.S. 6-203 [14A-6-203] (1971) do not apply to collection agencies unless accounts are assigned to the collection agencies according to the legal meaning and definition of the word "assigned." The Attorney General is in receipt of your letter, wherein you ask the following questions: 1. Does 14A O.S. 3-502 [14A-3-502] (1971) apply to collection agencies which may accept for collection such accounts in sum certain which originally arose from supervised loans? 2. If the section does apply, must such collection agencies become licensed to make supervised loans, as is the intent of the section? 3. Does 14A O.S. 6-201 [14A-6-201], 14A O.S. 6-202 [14A-6-202] and 14A O.S. 6-203 [14A-6-203] (1971) apply to collection agencies which may accept for collection accounts in sum certain which originally arose from supervised loans? Your first question contemplates a situation where a supervised lender, who is initially unsuccessful in collection of the obligation or debt existing under the loan, contracts with a collection agency for the purpose of having this obligation or debt collected. Normally, any fee awarded by the particular lender to the agency for such service is contingent upon the agency's degree of success in collecting said debt. Title 14A O.S. 3-502 [14A-3-502] (1971), provides: "Unless a person is a supervised financial organization or has first obtained a license from the Administrator authorizing him to make supervised loans, he shall not engage in the business of (1) making supervised loans; or (2) taking assignments and undertaking direct collection of payments from or enforcement of rights against debtors arising from supervised loans." (Emphasis added) Specifically, the pivotal word of Section 14A O.S. 3-502 [14A-3-502], supra, as it relates to your query, is the word "assignments". In view of this language, it must be determined if these contracts between lenders and collection agencies operate as an "assignment" as contemplated by the code. In the case of Hoffman v. Barnett, 178 P.2d 89 (Okl. 1947), the Oklahoma court defined the word "assignment" as follows: "An assignment is an expression of intention by one that his rights shall pass to and be owned by another." In view of this authority, it is the opinion of the Attorney General that the Legislature, in enacting Section 14A O.S. 3-502 [14A-3-502], supra, did not intend that collection agencies, who contract to collect debts arising from supervised loans, be required to first obtain a license as prescribed under 14A O.S. 3-502 [14A-3-502] (1971), unless such debts are assigned to the collection agencies in the legal sense of the term. In light of our response to your first question, it is unnecessary for us to answer your second question. In order to properly respond to your third question, it is first necessary to enumerate 14A O.S. 6-201 [14A-6-201], 14A O.S. 6-202 [14A-6-202] and 14A O.S. 6-203 [14A-6-203] (1971), in toto, to-wit: "6-201. Applicability. — This part applies to a person other than a supervised financial organization or a person holding a license to make supervised loans issued under Part 5 of Article 3 of this Act, engaged in making in this State consumer credit sales consumer leases, or consumer loans and to a person having an office or place of business in this State who takes assignments of and undertakes direct collection of payments from or enforcement of rights against debtors arising from these sales, leases or loans." (Emphasis added) "6-202. Notification. — (1) Persons subject to this Part shall file notification with the Administrator within thirty (30) days after commencing business in this State, and thereafter, on or before January 31 of each year. The notification shall state (a) name of the person; (b) name in which business is transacted if different from (1); (c) address of principal office, which may be outside this State; (d) address of all offices or retail stores, if any, in this State at which consumer credit sales, consumer leases, or consumer loans are made, or in the case of a person taking assignments of obligations, the offices or places of business within this State at which business is transacted; (e) if consumer credit sales, consumer leases, or consumer loans are made otherwise than at an office or retail store in this State, a brief description of the manner in which they are made; (f) address of designated agent upon whom service of process may be made in this State (Section 1-203); and (g) whether regulated or supervised loans or both are made. "(2) If information in a notification becomes inaccurate after filing, no further notification is required until the following January 31." "6-203. Fees. — (1) A Person required to file notification shall on or before January 31 of each year pay to the Administrator an annual fee of Ten Dollars ($10.00) for that year. "(2) Persons required to file notification who are sellers, lessors, or lenders shall pay an additional fee at the time and in the manner stated in subsection (1) of Ten Dollars ($10.00) for each One Hundred Thousand Dollars ($100,000.00), or part thereof, in excess of One Hundred Thousand Dollars ($100,000.00), of the original unpaid balances arising from consumer credit sales, consumer leases, and consumer loans made in this State within the preceding calendar year and held either by the seller, lessor, or lender for more than thirty (30) days after the inception of the sale, lease, or loan giving rise to the obligations, or by an assignee who has not filed notification. A refinancing of a sale, lease, or loan resulting in an increase in the amount of an obligation is considered a new sale, lease, or loan to the extent of the amount of the increase. "(3) Persons required to file notification who are assignees shall pay an additional fee at the time and in the manner stated in subsection (1) of Ten Dollars ($10.00) for each One Hundred Thousand ($100,000.00), or part thereof, of the unpaid balances at the time of the assignment of obligations arising from consumer credit sales, consumer leases, and consumer loans made in this State taken by assignment during the preceding calendar year, but an assignee need not pay a fee with respect to an obligation on which the assignor or other person has already paid a fee." (Emphasis added) The answer to question one would also control the answer to question three. In other words, Sections 14A O.S. 6-201 [14A-6-201], 14A O.S. 6-202 [14A-6-202], and 14A O.S. 6-203 [14A-6-203] do not apply to collection agencies, unless the accounts were assigned in the legal sense of the word to the collection agencies. It is, therefore, the opinion of the Attorney General that the answer to your questions be answered as follows: Title 14A O.S. 3-502 [14A-3-502] (1971) does not apply to collection agencies unless the accounts are assigned to the collection agency according to the legal meaning and definition of the word "assigned." It is further the opinion of the Attorney General that 14A O.S. 6-201 [14A-6-201], 14A O.S. 6-202 [14A-6-202] and 14A O.S. 6-203 [14A-6-203] (1971) likewise do not apply to collection agencies, unless such accounts are legally assigned to the collection agencies according to the legal meaning and definition of the word "assigned." (Todd Markum) ** SEE: OPINION NO. 76-107 (1976) **