**CHRISTESSON REPORTING SERVICE,**
Appellee/Counter–Appellant,

v.

**OKLAHOMA EMPLOYMENT SECU-
RITY COMMISSION, Appel-
lant/Counter–Appellee.**

No. 83000.

Court of Appeals of Oklahoma,
Division No. 2.

June 20, 1995.

Certiorari Denied Sept. 20, 1995.

Margaret R. Dawkins, General Counsel, Oklahoma Employment Security Commission, Oklahoma City, for Appellant.

REIF, Judge.

The Oklahoma Employment Security Commission seeks review of the district court order that relieved Christesson Reporting Service from an assessment of back unemployment compensation taxes for the last three quarters of 1986, all of 1987 and 1988, and the first quarter of 1989. The Commission assessed the back taxes after an audit and determination that "free lance" court reporters who received court reporting assignments through Christesson's booking service were employees rather than independent contractors. The district court upheld the Commission's determination that the court reporters were employees, but concluded that the assessment of back taxes for the periods in question was barred by a "safe haven" exemption.[1] The Commission asserts that the safe haven exemption/defense is grounded in federal tax statutes and federal revenue rulings that are not binding on the Commission in assessing *state* unemployment compensation taxes. Christesson counter-appeals to challenge the determination that the "free lance" court reporters were employees. Upon review, we hold that the Commission was correct in rejecting Christesson's *federal* safe haven exemption/defense, but erred in determining that the free lance reporters were employees rather than independent contractors.

The issue of whether an employment relationship exists is jurisdictional and a question of law. *Perma–Stone Oklahoma City Co. v. Oklahoma Employment Security Commission*, 278 P.2d 543, 545 (Okla.1954). In reviewing an order of the Oklahoma Employment Security Commission, neither the district court nor an appellate court will accept as conclusive the Commission's findings of fact concerning a jurisdictional question, but will weigh the evidence and make its own independent findings of fact. *Id.* (syllabus 1). In making this determination, courts generally will not enlarge upon the statutory

Leslie Zieren and Fred C. Cornish, Cornish & Zieren, Inc., Tulsa, for Appellee.

1. This exemption or defense prohibits back assessments if the employer treated employees as independent contractors in reliance on legal precedent or industry custom.

provisions or make them applicable in any case not clearly within the contemplation of the legislature. *Id.* (syllabus 2). More particularly, courts will not extend employment status to an independent contractor "who engages to perform a certain service for another, according to his own manner and method, free from control and direction of his employer in all matters connected with the performance of service, except as to the result or product of the work." *Id.* (syllabus 3).

■ The record reflects that Christesson books court reporting jobs, either for general assignment among its associated reporters, or for a particular reporter, if they have been requested. However, court reporters are free to refuse *any* assignment and have complete control over their hours of work, time off, and scheduling. In performing an assignment, they provide their own transportation, equipment, and supplies. They choose the type of shorthand they will use. Any special directions concerning an assignment are given by the attorney or party for whom the reporting and transcription is done. The reporters bill the attorney or party, but use invoices provided by Christesson. Payments are collected by Christesson who retains either 15% or 25%, as previously agreed, for its booking, administrative, and promotional services. Reporters are paid *only* their percentage of each *collected* billing and receive no other payments, benefits, or expenses from Christesson. Christesson makes requisite "1099 filings" for tax purposes and the reporters pay their own self-employment taxes. Reporters secure their training, certification, licensing, continuing education, and association memberships independent of their affiliation with Christesson and at their own expense. They are also free to advertise and accept jobs independently from Christesson, but split fees from such jobs with Christesson in return for Christesson's collection and administrative services.

■ Our independent weighing of this evidence leads us to conclude that the court reporters associated with Christesson work free from the control or supervision of Christesson, and are sufficiently engaged in an independently established profession, so as to constitute independent contractors under 40 O.S.Supp.1994 § 1–210(14)(a) and (b). An association between a broker of a service and independent contractors also engaged in rendering such service "in which each party to the arrangement makes certain contributions and performs certain services in order to produce a result mutually profitable to them" is not employment subject to unemployment compensation tax. *Realty Mortgage & Sales Co. v. Oklahoma Security Commission,* 197 Okla. 308, 169 P.2d 761, 764 (1945).

Admittedly, there are several facets of the association between Christesson and the "free lance" reporters that are analogous to the relationship between the "proprietor" barber and the "lessee" barbers in *Sanders v. Oklahoma Employment Security Comm.,* 430 P.2d 789 (Okla.1967), relied upon by the Commission. However, the critical element of control in the *Sanders* case is absent from the instant case. In *Sanders,* the court attached special significance to the fact that the lessee barbers "were obligated to perform [their] services at the location of Sanders' business" and that Sanders, as proprietor, was "specifically charged with such supervision and management as [was] necessary for compliance with the sanitary and barber regulations [for certification and operation of a barber shop]." *Id.* at 792. The court observed that: "With this mandatory responsibility Sanders [had] a right and duty to control the actions and conduct of the barbers, especially upon matters which affect the public health." *Id.* Unlike Sanders, Christesson is not charged by law with supervision and management to ensure the court reporters' compliance with professional standards and regulations, nor does Christesson have any right or duty to control their actions and conduct to that end.

■■ Even though we regard our holding that the "free lance" court reporters were independent contractors to be dispositive, we believe that the issue of the safe haven exemption/defense warrants at least our pronouncement that (1) the Commission is not bound by the federal law upon which it is based; and, (2) the courts are not empowered to adopt such an exemption/defense and

cannot require the Commission to do so either. The error by the trial court in this regard, however, does not require a reversal and remand to the trial court in light of (1) the independent review that appellate courts are empowered to make of the jurisdictional issue of employment, and (2) by reason of the rule that a judgment, legally correct in result, is not vulnerable to reversal, because the trial court gave an erroneous reason or considered an immaterial issue. *See St. Louis–San Francisco Ry. Co. v. Matthews,* 174 Okla. 167, 49 P.2d 752, 755 (1935). The order relieving Christesson of the unemployment compensation taxes is AFFIRMED.

TAYLOR, P.J., and GOODMAN, J. (sitting by designation), concur.