2008 OK CIV APP 99

**RPHS, INC., Plaintiff/Appellant,**

v.

**ASSESSMENT BOARD FOR the OKLAHOMA EMPLOYMENT SECURITY COMMISSION, and Oklahoma Employment Security Commission, Defendants/Appellees.**

**No. 104,579.**

Court of Civil Appeals of Oklahoma, Division No. 1.

Oct. 31, 2008.

---

Thomas G. Ferguson, Jr., Walker, Ferguson & Ferguson, Oklahoma City, OK, for Plaintiff/Appellant.

Tracy D. Baldwin, Oklahoma Employment Security Commission, Oklahoma City, OK, for Defendants/Appellees.

## OPINION

ADAMS, Presiding Judge:

¶1 Appellant RPHS, Inc. (RPHS), whose business is to provide its clients with registered pharmacists on an "as-needed" basis, seeks review of a district court order affirming the decision of the Oklahoma Employment Security Commission (Commission). The Commission determined that RPHS's "relief pharmacists" were employees, not independent contractors, and assessed additional taxes, penalty and interest for the 2004 tax year. RPHS argues the facts in the record compel the opposite conclusion. We agree. Accordingly, we reverse the district court order and remand with directions to reverse the assessment and direct Commission to refund the amount paid by RPHS as provided by 40 O.S.Supp.2002 § 3–405.

¶2 Because the jurisdiction of Commission depends on an employer-employee relationship, RPHS's argument presents a question of law which we review *de novo*. *Health Care Associates, Inc. v. Oklahoma Employment Security Commission*, 2001 OK 50, 26 P.3d 112; *Perma–Stone Oklahoma City Company v. Oklahoma Employment Security Commission*, 1954 OK 322, 278 P.2d 543. Under *de novo review* an appellate court claims for itself plenary, independent and non-deferential authority to re-examine a trial court's legal rulings. *Johnson v. City of Woodward*, 2001 OK 85, 38 P.3d 218.

¶3 The sole proprietor, President, and CEO of RPHS, Linda Moran, had been a registered pharmacist for thirty years when she established RPHS to meet the needs of Oklahoma pharmacies for substitute or "relief pharmacists" when their pharmacists take vacation, become ill or other unplanned situations. "Relief pharmacists" are licensed Oklahoma pharmacists who have executed an independent contractor agreement with RPHS for temporary placement with other pharmacies. When RPHS's clients, who are retail pharmacies, hospitals or government agencies, need a pharmacist, they contact Ms. Moran and negotiate a salary. She then contacts the relief pharmacists on her list until she finds one who accepts the offered

position. Therefore, placement of the relief pharmacists with clients is the entire scope of RPHS's business.

¶ 4 A 2006 field audit of 1099 Forms which had been issued by RPHS in 2004 to its relief pharmacists resulted in an unemployment tax assessment by Commission against RPHS covering the year 2004 in the total amount of "$1521.99 which includes penalties and interest computed through 03/31/06." The reason given for the assessment was "Individuals misclassified as independent contractors."

¶ 5 RPHS filed a timely protest, and an appeal hearing was held before Commission's Assessment Board on August 4, 2006. After a full evidentiary hearing which included examination of several witnesses and admission of documentary evidence, the Hearing Officer issued his decision on August 21, 2006, affirming the Assessment Board's determination that RPHS's relief pharmacists "are employees and not independent contractors." RPHS sought judicial review of that order in the District Court of Tulsa County. The district court affirmed the Commission's order, and RPHS filed this appeal.

¶ 6 The single issue for our resolution is whether RPHS's relief pharmacists during the 2004 assessment period were independent contractors or employees as defined by the Oklahoma Employment Security Act. The controlling statute in effect during the relevant period is 40 O.S.Supp.2002 § 1–210(14): [1]

Notwithstanding any other provision of this subsection, services performed by an individual for wages or under any contract of hire shall be deemed to be employment subject to the Employment Security Act of 1980 unless and until it is shown to the satisfaction of the Commission that:

(a) such individual has been and will continue to be *free from control or direction*

*over the performance of such services, both under the contract of hire and in fact; and*

(b) such individual is customarily engaged in an *independently established trade, occupation, profession, or business; or*[2]

(c) such service is outside the usual course of the business for which such service is performed and that such service is performed outside of all the places of business of the enterprise for which such service is performed. (Emphasis added.)

¶ 7 Commonly known as the "ABC test," § 1–210(14) presumes the existence of an employer-employee relationship between the parties unless the specific exemptions are shown. *Express Bus, Inc. v. Oklahoma Employment Security Commission,* 2007 OK CIV APP 30, 157 P.3d 1180. An entity who claims an independent contractor relationship with one or more individuals has the burden of proving either subpart (a) and (b) *or* subparts (a) and (c) under § 1–210(14). *Health Care Associates, Inc. v. Oklahoma Employment Security Commission,* 2001 OK 50, 26 P.3d 112.

¶ 8 On appeal, RPHS points out that its clients, not it, direct the work or the details of the work to be performed by the relief pharmacists. It also contends its relationship with the relief pharmacists parallels that of the court reporter placement service with its freelance reporters, which reporters the Court in *Christesson Reporting Service v. Oklahoma Employment Security Commission,* 1995 OK CIV APP 92, 903 P.2d 336, determined were independent contractors.

¶ 9 Similar to the evidence establishing the reporters in *Christesson* worked free from the control and supervision of the court reporter placement service, RPHS argues the relief pharmacists perform the duties of a pharmacist for its clients in accordance with the professional standards set by the Oklahoma State Board of Pharmacy, may accept

1. The Legislature amended § 1–210, effective November 1, 2004, without any changes to subsection 14.

2. Subsequent to *Health Care Associates, Inc. v. Oklahoma Employment Security Commission,* 2001 OK 50, 26 P.3d 112, and the 2004 assessment year, the Legislature amended § 1–

210(14)(b), effective July 1, 2006, deleting the words "trade, occupation, profession, or" so that it now provides "such individual is customarily engaged in an independently established business." This amended statute is not applicable to this case, and we offer no opinion as to its effect thereon.

or reject an offered position, and they perform their pharmacy services at the direction of the pharmacy and at the pharmacy's place of business. After performing those services, the relief pharmacist submits an invoice of their work hours and mileage, if applicable. Based thereon, RPHS pays the relief pharmacists and collects the monies from its client from which it keeps a portion as compensation for its services. In addition to paying their own taxes, the relief pharmacists provide their own equipment, supplies and transportation and are required to secure and maintain their own state pharmacy license and to obtain continuing education on their own, all at their own expense. RPHS further argues it is not engaged in the pharmacy business and can exercise no direction or control over the relief pharmacists.

¶ 10 Commission goes into great depth to support its arguments that RPHS did *not* satisfy any subpart of § 1–210(14), however, we need only address subparts (a) and (b), upon which RPHS essentially relies. Under its subpart (a) argument, Commission points out RPHS's requirements such as state pharmacy licenses and compliance with state laws and its control over the initial offer and the amount of work available to the pharmacists, but it primarily focuses on the method and amount of compensation they were paid, which Commission argues the relief pharmacists may not negotiate. It also argues RPHS, through its independent contractor agreement, restricts the pharmacists' ability to work independently and contains a covenant not to compete with RPHS. Commission's sole argument that RPHS failed to prove subpart (b) is that "there is no evidence of record which would support a finding that the Pharmacists were engaged in any *independently established business.*" (Emphasis added.)

¶ 11 Commission did not address *Christesson* in either briefs filed in this court or the district court. However, we find dispositive on the subpart (a) *and* (b) issues both *Christesson* and the Supreme Court's most recent case addressing facts similar to those involved in this appeal-*Health Care Associates, Inc. v. Oklahoma Employment Security Commission,* 2001 OK 50, 26 P.3d 112, a case involving the placement of licensed nurses.

¶ 12 In *Christesson,* the Court, after its independent review of the record, found that the evidence established that the reporters "work free from the control or supervision" of the court reporter placement service, "are sufficiently engaged in an independently established *profession,* so as to constitute independent contractors under [§ 1–210(14)(a) and (b)]," and "[a]n association between *a broker of a service* and independent contractors also engaged in rendering such service *'in which each party to the arrangement makes certain contributions and performs certain services in order to produce a result mutually profitable to them'* is not employment subject to unemployment compensation tax." (Emphasis added.) *Christesson,* 1995 OK CIV APP 92, ¶ 4, 903 P.2d at 338.

¶ 13 The facts upon which Commission relies for RPHS's control and supervision over the relief pharmacists do not address the real focus in subpart (a)—are the relief pharmacists "free from control or direction over the performance of such services, both under the contract of hire and in fact"? On this precise issue, the Court in *Health Care Associates, Inc.* reviewed all the evidence in *Christesson* relating to the court reporter placement service's relationship with the reporters, including freedom to refuse an assignment and to determine their own hours, providing their own transportation, equipment and supplies, securing and paying for their own training, certification, licensing, continuing education and association membership, the placement agency collected payments and retained a percentage for its services, and that *special directions were given by the attorney or party for whom the reporting was performed.* The same facts exist in this case, particularly the last one. It is undisputed that RPHS's *clients* direct or control the details of the pharmacy services performed by the relief pharmacists, not RPHS.

¶ 14 Further, setting standards for eligibility and controlling the distribution and offers of work are not unique to employer-employee relationships and do not demonstrate control over another's work performance. *Express Bus, Inc. v. Oklahoma Employment Security Commission,* 2007 OK CIV APP 30, 157 P.3d 1180. Moreover, as the record demon-

strates, the relief pharmacists were free to work for other pharmacies and restricted only from future jobs with RPHS's clients and establishing a pharmacist placement business like RPHS.

¶ 15 After explaining that in *Christesson* the court reporter placement service was not an employer because the *critical* element of control and direction, essential to an employment relationship, was missing, the Court in *Health Care Associates, Inc.* held that Health Care Associates's (HCA) relationship with the nurses similarly *lacked* direction and control. Based on *Christesson* and *Health Care Associates, Inc.* and our review of the appellate record, we conclude RPHS's relationship with the relief pharmacists also lacks the critical element of direction and control. Commission's subpart (a) argument must fail.

¶ 16 When addressing an almost identical "subpart (b)" argument to the one Commission makes in this appeal, the Court in *Health Care Associates, Inc.* held § 1–210(14)(b) does not require independent professionals to have independently established businesses in order to be considered independent contractors. In other words, it was sufficient under subpart (b) that the licensed nurses who HCA placed on a part-time or temporary basis at hospitals and nursing homes had an "independent profession." Because the identical statutory language applies to the pharmacists in this case, Commission's subpart (b) argument must also fail.

¶ 17 Based on our independent review of the record, when the correct law is applied, there is no substantial evidence that RPHS's relief pharmacists for the year 2004 were employees and not independent contractors as defined by § 1–210(14)(a) and (b). The district court's order is reversed, and the case remanded with instructions to reverse the assessment and direct Commission to refund the amounts paid by RPHS to satisfy that assessment, as provided by 40 O.S.Supp. 2002 § 3–405.

REVERSED AND REMANDED

HANSEN, J., and JOPLIN, J., concur.